[DEVISE.]

WALKER and Wife, *Appellants*
*against*
CYRUS GRIFFIN's Heirs, *Respondents.*

Devise of the testator's estate, " One fourth part to be given to the
families of G. Holloway, W. B. Blackbourn, and A. Bartlett, to
those of their children that my wife shall think proper, but in a
greater proportion to F. P. Holloway, than to any other of G.
Holloway's children ; to E. P. Bartlett in a greater proportion than
any of A. Bartlett's children: The balance to be given *to the fa-
milies of C. and J. T. Griffin's children, in equal proportion.*"
*Held,* that the children of C. and J. T. Griffin took *per stirpes,* and
not *per capita,* and that the property devised to them was to be di-
vided into two equal parts, one moiety to be assigned to each fa-
mily.

THIS cause was submitted without argument.

Mr. Chief Justice MARSHALL delivered the *March 10th.*
opinion of the Court.

This case depends entirely on the will of
Francis Peart, deceased. The testator had de-
vised his estate to the County Court of Woodford,
in trust for purposes therein mentioned ; after
which he adds, " Should the County Court of
Woodford not have a right to take into posses-
sion this donation of the within will, I do request
one fourth part to be given to the families of G.
Holloway, William B. Blackbourn, and A. Bart-
lett, to those of their children that my wife may
think proper, but in a greater proportion to Fran-

cis P. Holloway than any other of G. Holloway's children; to Elizabeth P. Bartlett in a greater proportion than any of A. Bartlett's children. The balance to be given to the families of Cyrus and John T. Griffin's children, in equal proportion."

The devise to the County Court of Woodford was held void; and thereupon the heirs of Cyrus Griffin, who was dead at the time the will was made, brought a friendly suit against the heirs of John T. Griffin, who was also dead, in the Circuit Court for the District of Kentucky, for a division of the property. The Circuit Court decided, that the children were entitled to it in exclusion of the grandchildren, whose parents were living, and that all the children should take in equal proportion. From this decree the heirs of John Taylor Griffin have appealed to this Court.

It is apparent, that in the devise of one fourth to the families of G. Holloway, William B. Blackbourn, and A. Bartlett, the testator intended to designate the children in exclusion of the grandchildren, because, he adds, " to those of their children that my wife may think proper:" obviously having the children only in his mind, and not taking grandchildren into view. When, in the same paragraph, and in the succeeding sentence, he uses the same word in the devise to the families of Cyrus and John T. Griffin, he must be supposed to have used it in the same sense, unless the additional words, " children to take in equal proportion," should show a change of intention, and that the property

was given to the children of the families, and not to the families themselves.

The use of the words, families of Cyrus and John T. Griffin's children, to designate the grandchildren of Cyrus and John T. Griffin, would certainly be an unusual as well as awkward mode of describing them, and we think there is no necessity for resorting to this construction. The introduction of these words is to be readily accounted for. In the preceding devise, the testator had directed the children of two of the families to take unequally. In this he intended them to take equally; and, therefore, makes that provision.

The more difficult inquiry is, whether the property is to be divided into two equal parts, the one to be assigned to the family of Cyrus, and the other to the family of John T. Griffin; or is to be divided equally among all the children of the two stocks.

In solving this difficulty, it becomes necessary again to resort to the preceding sentence.

The families of G. Holloway, Wm. P. Blackbourn, and A. Bartlett, take, each family, as a single devisee. Whatever may be the number of persons composing the family, and however unequal may be their number, they take, collectively, distinct and equal shares by families; each family constituting an individual devisee. This would be, we think, the natural import of the words, if unexplained by others. But, we think, this construction is strengthened by the residue of the

sentence.    The testator adds, " to those of their children that my wife may think proper, but in a greater proportion to F. P. H. than to any other of G. H.'s children, to E. P. B. in a greater proportion than to any of A. B.'s children."

These words show, that the inequalities intended by the testator were between children of the same family, not between the families. Francis P. Holloway was to have more, not than any of those who took under the devise, but than any other of G. Holloway's children. So with respect to Elizabeth P. Bartlett.    In each case the share of the family is to be distributed among the children of the family at the discretion of the wife ; that discretion being limited so far only that F. P. H. should have more than any other of G. H.'s children, and E. P. B. more than any of A. Bartlett's children.

We think it perfectly clear, that the families take in equal proportions.

It is reasonable to suppose, that the same intention was preserved with regard to the families of Cyrus and John T. Griffin, and the words must receive the same construction if not controlled by those with which they are connected. Had the devise been to the families of Cyrus and John T. Griffin, the natural and obvious construction would have been, that the families took equally.    We are, then, to inquire, what is the effect of the additional words, " children in equal proportion."    Cyrus Griffin, and John T. Griffin, were both dead, Cyrus leaving four, and John T. Griffin two children, who were living at

the death of the testator, and were the objects of
this devise. Had he intended them to take
equally, the natural mode of expressing that in-
tention, would have been to devise the property
to the children of Cyrus and John T. Griffin.
They would then have taken individually, and
not by families ; but the testator directs them to
take by families. Why, then, are the words,
" children in equal proportion," added ? The
testator had, in the preceding sentence, devised
a part of the same property to three families,
and had directed that the children of each should
take unequally. Proceeding immediately to the
two families of the Griffins, it was natural, though
not necessary, to express his wish that the chil-
dren should take equally. But neither in this,
nor in the preceding devise, does he mingle the
children of the different families in one mass.
He speaks of them severally by families. We
are, therefore, of opinion, that the children of
Cyrus and John T. Griffin, take by families, and
that the property devised to them is to be divided
into two equal parts, one moiety to be assigned
to each family.

DECREE. This cause came on to be heard on
the transcript of the record from the Circuit
Court for the District of Kentucky, &c. On con-
sideration whereof, this Court is of opinion, that
the children of Cyrus and John T. Griffin took
the property devised to them in the will of Fran-
cis Peart, deceased, by families. This Court is,
therefore. of opinion, that the decree of the

1826.

Patterson
v.
Winn.

Circuit Court is erroneous, insomuch as it directs the said property to be divided among the said children *per capita,* and not *per stirpes,* and ought to be REVERSED ; and this Court doth so far REVERSE the same ; and in all things else it is AFFIRMED. And the cause is remanded to the said Circuit Court, that farther proceedings may be had therein according to law.