Best v. Farris and Wall.

WESLEY BEST

v.

PERMELIA FARRIS, HAMPTON W. WALL ET AL.

*Construction of Will—Division of Estate* per Capita.

The words "equally divided among my heirs," when used in a will, unless a different intention appears from the context, mean an equal division of the testator's estate *per capita.*

[Opinion filed May 21, 1886.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. PALMER & CHAPMAN, for appellant.

It is an inflexible canon of construction, and "the rule has been rigidly adhered to by all courts, that a testator must be presumed to use the words in which he expresses himself in their strict and primary sense, unless from the context of the will it appears that he has used them in a different sense. The legal and technical meaning must be enforced when unexplained." Richardson v. Miller, 62 Ill. 417.

The words "equally, or share and share alike, or to be equally divided, imports an intention. When they are used in a will they mean a division *per capita*." Richardson v. Miller, 62 Ill. 417.

If these rules are to be given any force, they point unerringly to a division *per capita* in this case.

To hold that the proper mode of distribution is *per stirpes*, is to hold that the words of the testator "and the money or proceeds thereof be equally divided among my heirs," must be stricken from the will as meaningless and void, since the money would have gone to the heirs *per stirpes* under the statute without them.

We insist that they must be held to have been used by the testator in their primary, legal and technical sense—import intention, were used advisedly, thrice repeated, and mean a division *per capita*, and that the order of the trial court directing a division *per stirpes* is wrong and should be reversed.

Messrs. RINAKER & RINAKER, for appellee.

The will gives to a class, to the heirs—does not mention the names of the persons who compose that class, hence we must refer to the statute of descents, and there the heirs take as in case of intestacy. Richards v. Miller, 62 Ill. 417.

In devises to a class, as to heirs, it is held the estate is taken by the devisees *per stirpes* and not *per capita*. Walker v. Griffin, 11 Wheat. 375 ; Hall v. Hall, 140 Mass. 267.

This case, however, we think is settled by the decision of the Supreme Court in the case of Kelley v. Vigas, 112 Ill. 242, which is so nearly like this that there seems to be no substantial ground for a distinction between them.

PLEASANTS, J.   The will of George W. Farris contained the following provisions: " I give and bequeath unto my wife, Nancy, all the lands now owned by me, during her natural life. And it is my will at her death the lands be sold and the money or proceeds thereof be equally divided among my heirs." He died in 1865, leaving his wife, two sons, two daughters, and three grandchildren, children of a deceased daughter. These were his heirs apparent when he made his will, the deceased daughter having died before that time. His wife died in 1882, but the others all survive, and the single question in this case, which is for partition, is whether they take *per stirpes* or *per capita.* The court below held the former, and ordered distribution accordingly. Best, holding the interests of the grandchildren, took this appeal.

A devise to " heirs " *simpliciter* is *per stirpes.* Richards v. Miller, 62 Ill. 417. The term designates a class only. It is composed of those upon whom the statute would cast the inheritance if there were no will. Ibid. p. 424 ; Rawson v. Rawson, 52 Ill. 62. And since, to ascertain who they are, resort must be had to the statute, it will determine also the proportion in which they take (Richards v. Miller, 62 Ill. 417); not, however, because the devise is to a class whose members are to be thus ascertained, but because it is to such a class *simpliciter.* The sense of the rule is, that as in such case the will itself does not indicate the proportion, it gives just as the statute would give without the will, and therefore the devisees must take just as they would take under the statute without the will; which is *per stirpes.*

For the same reason the converse is true also: that if the will does indicate the proportions, it must in that respect control the statute. If they do not conflict the statute determines; if they do, the will.

In this case the devise is not to the heirs *simpliciter,* that is, without indicating how much or what proportion the individuals composing the class are respectively to take. The provision is that the subject be " equally divided among my heirs "—a positive expression, which of itself signifies, plainly and exclusively, that all persons of the class mentioned without

limitation or distinction are intended, and that each is to take, not what the statute would give, but the particular proportion expressed by the fraction of which one is the numerator, and the whole number of the class, whatever it may happen to be, the denominator. Our own Supreme Court has repeatedly declared, in harmony with the unbroken current of authority elsewhere, that the words " equally," " share and share alike," " to be equally divided," import an intention, and when used in a will mean a division *per capita.* Richards v. Miller, 62 Ill. 417; Kelley v. Vigas, 112 Ill. 242; 2 Jarman on Wills, 197 *et seq.* and notes (5th Ed.); Theobald on the Law of Wills, 277.

It is true, as in other cases of written instruments, that if from the will, as a whole, a different intention appears, it will control, notwithstanding such words. See authorities last above cited. Also, Walker v. Griffin's Heirs, 11 Wheat. 375; Daggett v. Slack, 8 Metc. 450; Fisher v. Skellman, 3 E. C. Green (18 N. J.) 229. And further, if from such words and the context there is still good reason to doubt the intention, that doubt is to be solved in favor of a distribution according to the statute, as for intestacy. Lyon v. Acre, 33 Conn. 224.

This explains the decision in Kelley v. Vigas, 112 Ill. 242, on which appellees rely. In that case the testator left a daughter, and four grandchildren—children of a son who died before making of the will. After a devise to his wife for her life, and certain specific bequests, the remainder of the estate was left " to be divided equally among his (my) heirs at law," and the question was whether they took *per stirpes* or *per capita.* It was held that they took *per stirpes.* But the court fully recognized the law as above stated, and reached its conclusion only by the application of the rule by which the natural and legal effect of the term "equal" was in that case controlled by the context as showing, on the whole, a different intention. In the opinion it is said, "The will in this respect is by no means free from ambiguity;" and further, "It is understood the words 'equal among,' or 'equally,' or 'share and share alike,' when used in a will, mean a division of the estate *per capita,* but this meaning of these words may be controlled by

the context, and is often so done. That is the case here." The portion of the context is then indicated from which it is inferred the testator "intended to make an equal division of his estate between his daughter and the family of his deceased son."

From all which, and the rigid adherence to the rule of construction as declared in the case above cited from 62 Ill. on p. 424, we think it a just inference that, without the aid of the context, the court would have held, upon the strength of the word "equal," that it was a devise *per capita.*

Inasmuch, then, as there is no such context to control the word "equally" in the case at bar, we regard that of Kelley v. Vigas as an authority for holding the devise here to be a devise *per capita,* and so we hold.

The order of distribution of the court below is therefore reversed, and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*