# Wm. Copeland, Elizabeth Lamm and Emily Wait v. A. G. Copeland et al.

1. Wills—*Construction of a Residuary Clause.*—Where a testator who left as his heirs, children, grandchildren and great-grandchildren, descendants and heirs of other of his children, deceased, respectively, provided that the residue of his estate should be equally divided among all his lawful heirs, it was held that such heirs took *per capita* and not *per stirpes.*

**Bill to Construe a Will.**—Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

E. R. E. Kimbrough and James A. Meeks, attorneys for appellants.

A bequest of an estate " to be divided equally among all heirs at law," not naming them, has reference to the statute of descent, and the heirs will take *per stirpes,* as in cases of intestacy. Richards v. Miller, 62 Ill. 417; Kelly et al. v. Vigas et al., 112 Ill. 242; Daggett v. Slack, 8 Metc. 450. Tillinghast v. Cook, 9 Metc. 146; Rand v. Sanger, 115 Mass. 124; Bassett v. Granger, 100 Mass. 348.

This rule of construction, however, will yield to a very faint glimpse of a different intention in the context. Jarman on Wills, 5th Am. Ed., Vol. 2, p. 757; Kelly et al. v. Vigas et al., 112 Ill. 245.

There is a difference in designation as children or heirs of one. If the gift is to the children of A and of B, they take *per capita.* Lady Lincoln v. Pelham, 10 Wis. 166; Pitney v. Brown, 44 Ill. 366; Barnes v. Patch, 8 Ves. 604; Walker v. Moore, 1 Beav. 607; 2 Jarman on Wills (5th Am. Ed.), 756.

Salmans & Draper, attorneys for appellee Nancy Judy, contended that the words " equally " or " share and share alike," or " to be equally divided," import an intention.

When they are used in a will they mean a division *per capita.* Richard v. Miller, 62 Ill. 425; Pitney v. Brown, 44 Ill. 363; Rawson v. Rawson, 52 Ill. 62; Gauch v. Ins. Co., 88 Ill. 253; Daggett v. Slack, 8 Metc. 453.

Lawrence & Lawrence, attorneys for appellees William Courtney, Samuel Courtney, Charles Courtney, and Eva Copeland.

Mr. Presiding Justice Pleasants delivered the opinion of the Court.

Appellants filed the bill herein for the construction of the will of Samuel Copeland, their father, which was as follows:

" I give and bequeath to my children now living, William H. Copeland, Perry Copeland, Andrew G. Copeland, Emily Wait and Elizabeth Lamm, share and share alike. Andrew G. Copeland having previously received $4,359.28, as shown by receipts, vouchers and book account, and now wishing to make my other children, named above, equal in heirship; and whereas, William H. Copeland having previously received $1,220, I now give and bequeath to him $3,139.20. Perry Copeland having previously received $3,598.50, I now give and bequeath to him $760.78. Emily Wait having previously received $1,445, I now give and bequeath to her $2,914.28. Elizabeth Lamm having previously received $3,195, I also give and bequeath to her $1,164.28. This making all my living children above named to share and share alike up to this date. And I hereby direct that after the above conditions are complied with I further direct that after my decease all my debts of every kind and character shall be paid. Then the residue of my estate to be equally divided among all of my lawful heirs."

Besides the children named, the testator left as his heirs several grandchildren and great-grandchildren, descendants and heirs of other of his children deceased, respectively.

The sole question to be determined by the construction sought is whether as to the "residue" of his estate they take *per stirpes* or *per capita;* and the court below holding the latter, decreed its distribution accordingly.

We see no material difference between this case and that of Best v. Farris & Wall, 21 Ill. App. 49, in which this court so construed a similar testamentary provision, and for the reasons there stated the decree here will be affirmed.