CHARLES J. HOADLY ET AL., EXECUTORS, *vs.* CAROLINE M. WOOD ET AL.

First Judicial District, Hartford, January Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

After giving pecuniary legacies in varying amounts to her sister, her sisters-in-law, to some of her nephews and nieces and to one grand-niece, and several bequests to charitable objects, a testatrix provided that her furniture should be given to her sister, and her wearing apparel, books and pictures (except certain articles marked for particular individuals), to "the surviving members of the following families in equal portions, viz: my brother Dr. Wm. Wood's; my sister Ursula Russell's; my brother Dr. T. E. Wood's; my brother Luke E. Wood's." The next clause of the will gave all the residue of the estate "to the surviving members of my brothers and sisters families which are above named in equal parts," with a provision that in case any of the parents named should die before receiving their legacy, the same should be divided equally between their children. In a suit to construe the will it was *held* : —

1. That the "families" entitled to share in the residuary estate were those of the three deceased brothers and one deceased sister named as recipients of the wearing apparel, etc.

2. That inasmuch as the head of each of those families was dead,

the term "family" was used, not to denote a household gathered around a parent, but a stock of descent.

3. That the "surviving members" of those families were the thirteen children of the deceased brothers and sisters aforesaid, who were living at the testatrix's death, each one of whom then took a vested interest in one thirteenth of the residue of the estate.

A widow may sometimes be regarded as included in a provision for a "family," but seldom, if ever, unless the husband is first to share.

Argued January 5th—decided January 26th, 1899.

SUIT to determine the construction of the will of Martha W. Brown of Hartford, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Prentice, J.*, upon a finding of facts, for the consideration and advice of this court.

The testatrix was a widow without any descendants. She left pecuniary legacies, amounting in all to $31,000, to her relations, as follows: $6,000 to her sister, Mrs. Juliaette Childs; $5,000 to Caroline M. Wood, widow of her brother Luke E. Wood, and $500 to one of his grandchildren; $5,000 to Mary E. Wood, widow of her brother, Dr. William Wood, and nothing to his children; $2,000 each to the two daughters, and $1,000 each to the two sons of her deceased sister, Mrs. Ursula Russell; $2,000 each to the two daughters, and $1,000 each to the two sons of her deceased brother, Dr. Theophilus E. Wood; $1,000 to one daughter, $500 to another, and $500 to a son of her deceased sister, Mrs. Mary A. Hazen; and $500 to the only child of her deceased sister, Mrs. Henry Eddy. A considerably larger amount was given to public objects, and then followed these provisions:—

"I direct that my furniture be given to my sister Mrs. Juliaette Childs, my wearing apparel, books and pictures to the surviving members of the following families in equal portions, viz.:—my brother Dr. Wm. Wood's; my sister Ursula Russell's; my brother Dr. T. E. Wood's; my brother Luke E. Wood's; with this exception that all articles shall be excepted upon which I have attached the names of the persons to whom I wish to have them given. They shall be disposed of as I designate.

"And all the residue of my estate, I give and devise to the

surviving members of my brothers and sisters families which are above named in equal parts.

"In case any of the parents named should die before receiving their legacy, the same shall be divided equally between their children."

The testatrix was a well educated woman, and had been a school teacher in early life. She died in 1897, aged 71, and her will was made in 1893, and written by herself. She had had seven brothers and sisters, who married and had issue, and but one of the seven, Mrs. Childs, was living at the date of the will. Her residuary estate amounted to $45,000, all in personalty. The advice asked was as to the meaning and effect of the residuary bequest.

*Lewis Sperry*, for the executors.

*Charles E. Gross*, for the children and grandchildren of Mary Ann Hazen.

*Curtis Thompson*, with whom was *Lucius M. Slade*, for the widow and children of Luke E. Wood.

*Henry C. Robinson*, with whom was *John T. Robinson*, for the children of Mrs. Childs.

BALDWIN, J. The residuary provision in favor of "the surviving members of my brothers and sisters families which are above named in equal parts," refers to the four families named in the next preceding paragraph of the will. No other families had been previously named. The testatrix had given legacies to her sister, to her sisters-in-law, to nephews and nieces, and to a grandniece; but they were left in each case to them individually, without grouping any of them together as members of one family.

It is contended that to confine participation in the residuum to those among whom her wearing apparel, books and pictures, were to be distributed, would make the particular reference to these items of her property unnecessary, whereas the

testatrix evidently considered it to be important. An adequate reason for its insertion is to be found in the exception of certain articles which she had marked with the names of some other persons for whom she designed them. She naturally made mention of this in immediate connection with the gift of the articles of a similar nature not so marked, and was thus led to break her residuary bequest into two parts, the latter of which was to go, without diminution, to such of her relations as she made the principal recipients of her bounty.

It is urged in behalf of the other claimants, that the expression "brothers and sisters families," naturally refers both to more than one family of a brother and to more than one family of a sister, whereas, of the heads of the four families, among whose members the wearing apparel, books and pictures were to be distributed, only one was a sister. The testatrix did not use the apostrophe in connection with the words "brothers and sisters." Were we to undertake to supply what the usages of our language require in that respect, the words might as well be read brothers' and sister's, as "brothers' and sisters'." Taken in the former sense, as we think they should be, they are entirely consistent with the construction which we adopt. It was not unnatural that Mrs. Childs and the children of Mrs. Hazen and Mrs. Eddy should be omitted in the bequests of the wearing apparel, books and pictures, and of the general residue of the estate. Mrs. Childs had already been given more than any one else. Mrs. Hazen had died more than sixty years before, when the testatrix was hardly more than an infant. Mrs. Eddy had left but one child, to whom the testatrix had given much less than the amount left to most of her other neices. The particular legacies were distributed without regard to any rule of equality, either as between individuals or between families. It is not surprising that the concluding and residuary provisions in the will were drawn in a somewhat similar way.

The division under each of these was to be made among the same persons and in the same proportions, namely, "in equal parts." Those who were to share in them were not

the four families, as such, but the surviving members of these families as individuals.

The term "surviving," refers to those surviving the testatrix. The will spoke from her death, and it is not reasonable to suppose that she meant to have any of her wearing apparel, books and pictures, distributed to remote descendants of her brothers and sister, when there were those to take who were nearer akin to her.

The head of each of the designated families was dead. The term "family" was therefore used, not to denote a household gathered around a parent, but a stock of descent. A widow can sometimes be regarded as included in a provision for a family, but seldom if ever unless the husband was first to share. The "surviving members" of each family, next in degree to the ancestor named, were both at the date of the will, and of that of the death of the testatrix, two children of Dr. William Wood, three of Mrs. Russell, four of Dr. Theophilus E. Wood and four of Luke E. Wood. One daughter of Luke E. Wood had died, several years before the date of the will, leaving a daughter, Mrs. Redfield, who was remembered by a legacy of $500. None of his four surviving children had any legacy, except as they might share in the residuary bequests. In each of the four families there were a number of grandchildren, who were the issue of the surviving children, and to none of them had any particular legacy been given.

The provision that "in case any of the parents named should die before receiving their legacy, the same shall be divided equally between their children," was designed to provide for deaths occurring in the future. The absence of any such provision for deaths which had previously occurred; the special remembrance of Mrs. Redfield alone, out of all the grandnephews and grandnieces; and the description of the residuary legatees as "surviving," sufficiently indicates that these survivors whom she had in mind were only the children of the deceased brothers and sister whom she had named as the roots or stocks from which they sprang.

The Superior Court is advised that the residuum of the

estate of the testatrix should be divided into thirteen parts, one of which upon her decease became vested in each of the children of the four families named in the clause which disposes of her wearing apparel, books and pictures, namely, those descended from Dr. William Wood, Mrs. Ursula Russell, Dr. Theophilus E. Wood, or Luke E. Wood, respectively; that neither Mrs. Caroline M. Wood nor Mrs. Mary L. (or Ellsworth) Wood takes any share in said residuum; and that the word "family" as used in said will embraces only the children of Dr. William Wood, Mrs. Ursula Russell, Dr. Theophilus E. Wood or Luke E. Wood who survived the testatrix, excluding descendants of children who had previously deceased.

In this opinion the other judges concurred.