MARY DALTON *vs.* THE KNIGHTS OF COLUMBUS.

Third Judicial District, New Haven, June Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The word "family" primarily means that collective body of persons who form a household under one head and one domestic government, including parents and children, and perhaps servants; and this meaning will be given to the word unless the context calls for a different one.

The charter of the defendant, a fraternal benefit association, in defining the classes of persons to whom alone death benefits might be made payable, specified, among others, those who belonged to "the immediate family" of the deceased member. *Held* that the existence of a legal obligation upon the part of the insured member to support the person designated by him as his beneficiary, was not essential to the validity of his designation; and therefore an adult daughter who, with her minor brothers and sisters, lived with the insured member as one of his household, might properly be made his beneficiary, and thereby become entitled to receive the death benefit upon his decease.

If such appointee had withdrawn from and ceased to be a member of her father's family at his decease, undoubtedly she would have had no claim to the death benefit; but the mere isolated fact that at some time she left her father's home intending to make a living for herself and to use her own earnings for her own benefit, would not *per se* establish the fact that she had ceased to be a member of her father's "immediate family" at the time of his death; and therefore the denial of a request to charge the jury to that effect, if accompanied with a fair statement of the conflicting claims material to the determination of this question, is not error.

A reason of appeal which attacks the whole charge as erroneous is too general an assignment to require consideration by this court.

Argued June 13th—decided July 30th, 1907.

ACTION to recover a death benefit, brought to the Superior Court in New Haven County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

The defendant was incorporated by a special act of the legislature, February 24th, 1893. Andrew M. Dalton was an insurance member of the defendant organization, and

by the terms of this membership the defendant became obligated to pay, upon the member's death (the conditions of membership having been complied with), a death benefit of $1,000. In March, 1898, in the manner provided in the constitution and laws of the defendant, the said Dalton designated Mary Dalton, the plaintiff, as his beneficiary, who thereupon became entitled, in pursuance of his contract with the defendant, to demand and receive the death benefit which might become payable upon his death. Andrew W. Dalton died August 30th, 1901, the plaintiff being then his designated beneficiary. This action was commenced August 14th, 1902, to recover a death benefit for $1,000 claimed to be payable to the plaintiff upon the death of Andrew W. Dalton. Upon the trial to the jury, the plaintiff claimed to have proved that she was the daughter of Andrew W. Dalton, and at the time of her designation as beneficiary was twenty-five years of age ; that at that time Andrew W. Dalton was a widower, living with his six children, all minors excepting the plaintiff ; that the plaintiff lived at home as a member of her father's family, kept house for him and managed the domestic affairs of the family ; that her father remarried in 1899, and thereafter, down to the date of his death, the plaintiff continued to live in her father's house, as her home, had no other home or place of residence, and remained unmarried ; that whatever earnings she made were turned in to her father, who supported and maintained the household, and that she lived as one of the household and family, the same as her minor brothers and sisters, and that they all lived with and depended upon their father for support.

The defendant claimed to have proved that the plaintiff lived in her father's house, acting as his housekeeper from the death of her mother, when the plaintiff was seventeen years old, until 1897 ; that before she was eighteen, and while living with her father, she had spent three years in learning the dressmaking trade ; that in addition to her housekeeping duties she carried on in her father's house the dressmaking business during the years 1895, 1896, and

1897; that in 1897 she took a position as clerk in a store for three years, at a salary of $6 a week, and during that time paid her father for her board and lodging $3 a week, keeping the balance of her earnings for her own benefit; that in April, 1901, the plaintiff left her father's home and remained absent until August 15th, shortly before her father's death; that during this absence she worked at her trade in Springfield and Northampton, earning $10 a week, with which money she paid her board and lodging and deposited a small sum in the savings-bank in her own name, and that the plaintiff supported herself and was not dependent upon her father for several years prior to his death.

In view of this state of conflicting evidence and claims, the defendant, in writing, requested the court to charge the jury as follows: " 1st. To be a legal beneficiary under the 'immediate family' clause in the charter of the Knights of Columbus, the beneficiary must live in and be a part of the deceased member's household, and be under his legal control at the time of his death, must be dependent upon such member, and have a right to look to him for support and protection, and it is the corresponding duty of such member to give such support and protection to such beneficiary or beneficiaries. 2d. That if you find from the evidence that the plaintiff is the daughter of Andrew Dalton, and that she, being more than twenty-one years old, had left the home of her father, intending to make a living for herself, and using her own earnings for her own benefit, and that Dalton left a wife surviving him, and minor children, who had been and were a part of his household at the time of his death, and who were dependent upon him for support and protection at the time of such death, then I charge you that in accordance with the laws of the defendant corporation the plaintiff is not the legal beneficiary, or entitled to the death benefit sued for, even if you should find that a death benefit was due."

The court did not so charge. The reasons of appeal assign error in the denial of these requests, and also error

"in charging the jury as follows," reciting the whole charge of the court covering more than six pages of the printed record.

*John J. Phelan,* for the appellant (defendant).

*Charles S. Hamilton* and *Cornelius J. Danaher,* for the appellee (plaintiff), were stopped by the court.

HAMERSLEY, J. The answer to the only real question properly presented by this appeal depends upon the meaning that should be given the words "immediate family," as used in the defendant's charter in describing the persons who are legally capable of taking a death benefit.

The charter forbids the payment of a death benefit to the executor or administrator of a deceased member, and defines the persons to whom alone such benefit may lawfully be paid in the following language: "A. To such person or persons of the immediate family of said member as by him designated. B. To such person or persons, in default of such family, of the blood relatives of such member as by him designated. C. In default of any designation by said member, or out of the order named, except by the permission of the board of directors, or their successors, for cause shown, then such aid shall be rendered by said corporation to such family, or relatives who are heirs-at-law of such member, in the manner above arranged, upon their proof of being of such family or such heirs-at-law." 11 Special Laws, p. 17; 12 id., p. 690.

The primary meaning of the word "family" as used in our language to specify a definite group of persons is defined as "the collective body of persons who form one household under one head and one domestic government, including parents, children and servants." Century Dictionary. In construing a writing in which the word "family" is used, this primary meaning should be assumed in determining the expressed intention of the writer, unless there is something in the context to show that it is used

with some other meaning. *Cheshire* v. *Burlington,* 31 Conn. 326, 329; *Hart* v. *Goldsmith,* 51 id. 479, 480; *Wood* v. *Wood,* 63 id. 324, 327, 28 Atl. 520; *Crosgrove* v. *Crosgrove,* 69 Conn. 416, 422, 38 Atl. 219; *Knights of Columbus* v. *Rowe,* 70 Conn. 545, 550, 40 Atl. 451. Possibly it may be questioned how far, in a modern use of the word "family," servants should be presumed to be included as among the particular persons indicated, but this query is not important in the present case.

The charter plainly indicates two groups of persons, and two only, any member of which may legally take a death benefit. One is described as the "immediate family," and the other as the "blood relatives," of the member; one person may belong to both groups. Both groups are composed of persons of the same family with the member; in the former, reference being had to the primary meaning of "family" as denoting members of one household gathered around one head, and in the latter to "family" as denoting individuals related through descent from one stock. "Family" is frequently used to denote those connected by the tie of a common descent, as well as that of a common household. *Crosgrove* v. *Crosgrove,* 69 Conn. 416, 422, 38 Atl. 219; *Hoadly* v. *Wood,* 71 Conn. 452, 456, 42 Atl. 263. The designated beneficiary must be of the former group, if such a group exists, and if not, he must be of the latter group.

We think that the charter, in limiting the persons eligible to designation as a beneficiary, uses the words "immediate family" with the meaning of a group of persons, of which the insurance member is one, connected as one family, and from which is excluded any member who has become separated from the group as constituting one household; and that "immediate family" certainly includes all persons bound together by the ties of relationship, as parents and children living together as members of one household under one head. This construction seems to be involved in the decision of *Knights of Columbus* v. *Rowe,* 70 Conn. 545, 40 Atl. 451.  ·

Dalton v. Knights of Columbus.

The vital contention of the defendant is that the words "immediate family," as used in the charter, exclude from the class of eligible designated beneficiaries every person whom the head of the family is not legally bound to support, and therefore excludes an adult child of the head. This contention is without foundation. We necessarily held, in *Knights of Columbus* v. *Rowe*, 70 Conn. 545, 40 Atl. 451, that the insurance member need not be the head of the family from which his beneficiary was selected, that the designated beneficiary need not be dependent upon the insurance member for support, but might be a self-supporting person and either a minor or an adult. The defendant's first request asked the court to charge that under the "immediate family" clause in the charter, it was essential to the right of a person to claim the death benefit as the designated beneficiary of an insurance member, that such person was under the legal control of, and dependent upon, that member for support, and that the member was under the duty of giving support to such person. This statement of the law is manifestly untrue, and therefore the trial court correctly refused the defendant's first request to charge.

The court did not err in refusing to charge as requested in the defendant's second request. A charge so framed—if it were intended as a statement of the law (which was admitted and undisputed) that the plaintiff was not her father's legally designated beneficiary, if, at the time of his death, she had separated herself from the family and ceased to be a member of his household—would have been an incorrect statement of that law; and if it were intended as a statement of the facts which, if found by the jury, would require them to find the fact that the plaintiff at her father's death had ceased to be a member of his household, it plainly would have been an insufficient and improper statement. The court, however, in its charge did state fairly the conflicting claims as to the facts proved, upon which the jury must find the fact whether or not at her father's death the plaintiff remained a member of his household.

The only other assignment of error, namely, that the whole charge as given is erroneous, is too general and raises no question we are bound to consider. General Statutes, § 802.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.