## IN RE ESTATE OF WILLIAMSON, DECEASED.

WILLIAMSON, et al., Respondents, v. WILLIAMSON, et al., Appellants.

### (186 N. W. 827.)

(File No. 4743.   Opinion filed February 8, 1922.)

1.   **Wills—Devise and Bequeath, "To My Brothers and Their Families," Whether Distribution Per Capita or Per Stirpes— Whether "And Their Families" Void for Uncertainty.**

Where the disposing clause in decedent's will was as follows: "All of real and personal property I bequeath to my brothers and their families," and testator left surviving her three brothers, one being a bachelor with no family, another having a wife and four children, the third a wife and two children, held, that the words "and their families" should not be held void for uncertainty, since to do so would be to leave wholly out of consideration any reference to family, under which construction, in the event that either of the brothers should die prior to testator's death, the part that would have come to such deceased brother would be distributed under the statute; while it is manifest that by said words testator intended each mem-

ber of his brothers' families should take a share of the estate as a direct gift from him rather than by right of succession from his brothers at their death.

**2.    Same—Language Non-indicative of Intent to Treat Beneficiaries Per Stirpes.**

There being no language in said distributive clause to indicate testator's intent that beneficiaries should take per stirpes rather than per capita, nor to indicate an intent that they should be treated other than as a single group, all sharing alike, **held,** that the rule that if a gift be to A and B and their children, or to a class and their children or to the children and grandchildren of A, every individual coming within terms of the description, as well children as parents, will take an equal portion of the fund, i. e., distribution will be made per capita, is applicable, and it is immaterial whether the "brothers" be treated as one class and their "families" as another, or they be treated all as a single group; and testator is held to have intended to distribute his estate equally among the individuals composing the families of his three brothers. As to what share each individual would have taken provided one or more of the children of decedent's brothers had died prior to decedent's death and left surviving children, not determined.

Appeal from Circuit Court, Bon Homme County. Hon. ROBERT B. TRIPP, Judge.

In the matter of the Estate of John Williamson, Deceased. The County Court having rendered a decree distributing all of said estate to the three brothers of decedent, William Williamson, James Williamson and Henry Williamson in the proposition of one-third to each; two of the children of Henry Williamson, to-wit: Charles H. Williamson and Minnie Williamson Mulleague, having appealed therefrom to the circuit court, which court reversed said decree in so far as same affected the claims of said appellants and decreeing that they were each entitled to one-elevnth of said estate, and modifying the judgment as to the surviving brothers of decedent; from which judgment defendants William Williamson, James Williamson and Henry Williamson, appeal. Affirmed.

*W. L. Redden,* and *Bogue & Bogue,* for Appellants.

*French, Orvis & French,* for Respondents.

(1)    To point one of the opinion, Appellants cited: Walker v. Cyrus Griffin's Heirs (U. S.), 11 Wheat. 375, 6 L. Ed. 498; Paul v. Ball, 31 Tex. 21; Alexander on Wills, Vol. 2, page 1261, Sec. 861.

Respondents cited:    Sec. 660, Code 1919; Bouvier's Law
Dic. 649-650; Hoadley et al. v. Wood et al., 71 Conn. 452, 42
Atl. 263.

POLLEY, J. This is an appeal from a judgment construing
the last will and testament of John Williamson, deceased. The
clause in the will that is in question, which is the only disposing
clause in the will, reads as follows:

"All of real and personal property I bequeath to my brothers
and their families."

Testator left surviving him three brothers, James, Henry, and
William. James was a bachelor and had no family at all. Henry
had a wife and four children. William had a wife and two child-
ren; in all eleven persons. The sole and only question in dispute
is: Is the estate to be divided into eleven equal parts, and one
part given to each of the eleven persons composing the three
families? Or is it to be divided into three equal parts and one
part given to each family? In other words: Is the estate to be
distributed per capita or per stirpes?

[1] It is the contention of the appellants that the last three
words "and their families" should be held to be void for uncer-
tainty, and that the will should be construed to mean that the
estate should be divided into three equal parts, and that one of
such parts should go to each brother if living at the time of tes-
tator's death, but that in case of the death of either of the broth-
ers prior to the death of the testator then the share that would
have gone to such deceased brother should go to his family. But
this position cannot be maintained under appellants' theory of the
case, because if the clause in question is held to be void then it
must be left out of consideration altogether, and there is no ref-
erence whatever to the families; and in case of the death of either
of the brothers prior to the death of the testator the part that
would have gone to such deceased brother would be distributed
under the statute of distribution. But by the use of the words
"and their families" it is manifest that the testator intended that
each of the members of his brothers' families should take a share
of the estate as a direct gift from him rather than by right of
succession from his brothers at their death.

In support of their contention that donees under the will
should take by the group or family rather than as individuals,

appellants cite: Raynolds v. Hanna ('C. C.) 55 Fed. 783; Walker v. Griffin, 11 Wheat. 375, 6 L. Ed. 498; Fisher v. Skillman, 18 N. J. Eq. 234; Youngs' Appeal, 83 Pa. 63; Osburn's Appeal, 104 Pa. 644; Paul v. Ball, 31 Tex. 21; Ross' Ex'r v. Kiger, 42 W. Va. 411, 26 S. E. 193; Preston v. Brandt, 96 Mo. 558, 10 S. W. 78; Silsby v. Sawyer, 64 N. H. 580, 15 Atl. 601; Farnam v. Farnam, 83 Conn. 369, 77 Atl. 70; In re Whittaker's Estate, 175 Iowa, 718, 157 N. W. 135; Fields v. Fields, 93 Ky. 619, 20 S. W. 1042; Allen's Succession, 48 La. Ann. 1036, 20 South. 193, 55 Am. St. Rep. 295; Hall v. Stephens, 65 Mo. 670, 27 Am. Rep. 302.

[2]    While the language used in the distributing clause in all these cases is more or less similar in import to the language used in this case; still upon examination of those cases it will be found that in the distributing clause itself or in some other part of the will, or from the general context of the entire will, there is something to indicate that it was the intent of the testator that the beneficiaries should take per stirpes rather than per capita. In this case there is no such language; nothing to indicate that the testator intended that his beneficiaries should be treated other than as a single group and all share alike in his bounty.

"If the gift be to A. and B. and their children, or to a class and their children, or to the children and grandchildren of A., every individual coming within the terms of the description, as well children as parents, will take an equal portion of the fund; that is, the distribution will be made per capita." Jarman on Wills (6th Ed.) 1712.

This rule is applicable to this case, and it is immaterial whether we treat the "brothers" as one class and their "families" as another, or treat them all as a single group. In re Morrison's Estate, 138 Cal. 401, 71 Pac. 453. And to the same effect are the following authorities: Hoadley et al. v. Wood, 71 Conn. 452, 42 Pac. 263; Bailey et al. v. Hospital (N. J. Ch.) 102 Atl. 7; Neil v. Stuart et al., 102 Kan. 242, 169 Pac. 1138; Guild v. Allen, 28 R. I. 430, 67 Atl. 855; Scott's Estate, 163 Pa. 165, 29 Atl. 877; McKelvey v. Mc Kelvey, 43 Ohio St. 213, 1 N. E. 594; Perry v. Brown, 34 R. I. 203, 83 Atl. 8; Kling v. Schnellbecker, 107 Iowa, 636, 78 N. W. 673.

In the absence of anything in the will to take it out of the

above rule, it is our view, based on the language used in the will, that the testator intended to distribute his estate equally among the individuals composing the families of his three brothers. But nothing that is said in this opinion is to be understood as indicating our view as to what share each individual would have taken, provided one or more of the children of decedent's brothers had died prior to the death of decedent and had left surviving children.

The judgment appealed from is affirmed.