ULMAN et al., Appellants v. ESTATE OF BOCK et al., Respondents

(177 N.W.2d 734)

(File No. 10716.  Opinion filed June 9, 1970)

**Walter Mueller, of Overpeck, Hamblin & Mueller,** Belle Fourche, for appellants.

**John Amundson,** Bowman, N. D., and **Robert Kelley, of Johnson & Kelley,** Lemmon, for respondents, coexecutors of Fred Bock Estate.

**Newell E. Krause, of Lakeman & Krause,** Mobridge, for respondents, Evelyn Barwick and Executrix of Frances Bock Estate and Executrix of Albert Bort Estate.

**William E. Anderson,** Belle Fourche, for respondent, Evalyn Thompson Belcher.

RENTTO, Judge.

This proceeding concerns the interpretation of the residuary clause of the will of Fred Bock, deceased. The county court determined that the property devised and bequeathed thereby was distributable per stirpes and not per capita. On appeal the circuit court affirmed. This appeal is taken from that action by five nieces and nephews of the testator, being five of the eight children of a brother who predeceased him, claiming that the distribution should have been per capita.

The will in question, drawn by a lawyer, was executed July 19, 1965. Following several specific bequests, the clause in issue appears as Article IV thereof and states:

> "All the rest, residue and remainder of my estate, whether real, personal and mixed, whatsoever and wheresoever situate, not hereby nor in any codicil hereto otherwise disposed of, I give, devise and bequeath unto my beloved sister, if she survives me, and to my nieces and nephews. It is my intention that the persons taking under this Article shall receive such share as determined and in the proportions fixed by the laws of the State of South Dakota then in force relating to the descent of property in the event of intestacy."

The testator died July 19, 1966. He was survived by only one sister who died August 3, 1967. Two other sisters and two brothers predeceased him. They left children and grandchildren surviving. These, along with the executrix of the surviving sister's estate, are the residuary legatees and devisees.

The pertinent law of South Dakota relating to the descent of property in the event of intestacy now appears as SDCL 29-1-7. It provides that:

"If there be no issue, nor husband, nor wife, or father, nor mother, then the estate is succeeded to and must be distributed in equal shares to the brothers and sisters of the decedent, and to the children or grandchildren of any deceased brother or sister by right of representation."

There has been no change in the substance of this feature of our law since the adoption of our revised code in 1939. SDC 56.0104(3).

Appellants' claim of per capita distribution is premised on the notion that the first sentence of Article IV gave the residuary estate to a group of individuals who were to share it equally. They frankly concede that to sustain their position we must read out of the will the second sentence of that article. An interpretation that renders inoperative any of the words in a will should be avoided. SDCL 29-5-9. In ascertaining a testator's intent all the words and provisions appearing in his will must be given effect as far as possible, and none should be cast aside as meaningless. 95 C.J.S. Wills § 597; 57 Am.Jur., Wills, § 1129. To hold otherwise would be to convict a testator of performing useless acts.

In In Re Estate of Williamson, 45 S.D. 180, 186 N.W. 827, this court held that the beneficiaries under a will provision which read "All of real and personal property I bequeath to my brothers and their families" took per capita and not per stirpes. The opinion makes clear that its conclusion would have been different if there had been any-

thing in the will to indicate the contrary. The second sentence of the article here involved, which appellants seek to eliminate, is the kind of indication the court observed to be absent in that case.

The complaining beneficiaries advance several reasons why this vital sentence should be ignored. They say that honoring it results in the testator dying intestate as to his residuary estate and testate as to the rest. In our view this observation is not justified. The residuary legatees and devisees take under the will, and the statute of descent is material only because the will gives to them that to which they would have been entitled, if the testator had died intestate. They also suggest that because the law of intestate succession is subject to legislative change the scheme of distribution in effect at the testator's death could differ from that prevailing when the will was executed. As pointed out above cur law remained unchanged during such period. Consequently, we do not reach the question posed.

■ It appears rather uniformly held that a reference to the statute of descent and distribution tends to show that per stirpital distribution was intended. Page on Wills (Bowes-Parker Revision) § 36.8; Thompson v. Thornton, 197 Mass. 273, 83 N.E. 880; In re Barker, 230 N.Y. 364, 130 N.E. 579; Clark v. Todd, 310 Ill. 361, 141 N.E. 758; Johnston v. Herrin, 383 Ill. 598, 50 N.E.2d 720; Kraemer v. Hook, 168 Ohio St. 221, 6 Ohio Ops.2d 11, 152 N.E.2d 430; Mellen v. Mellen, 148 Me. 153, 90 A.2d 818; Kentucky Trust Company v. Sweeney, D.C.Ky., 163 F.Supp. 450. Clearly, that is the effect of the incorporated statutory declaration that the beneficiaries take by right of representation. In such situation they take through their parents, or as representatives of an ancestor, and not as individuals.

Appellants assert that referring to a descent statute in this manner in a will is not compatible with the doctrine of incorporation by reference which we have recognized. Sapp v. Protheroe, 77 S.D. 72, 85 N.W.2d 505. We discern no conflict with that holding. Such possibility of conflict does not seem to have been even alluded to in any of the cases cited above. See also 16 A.L.R. 29, 126 A.L.R. 165.

In Atkinson on Wills—Hornbrook Series, 2d Ed., at p. 392, it is written: "The statute of distribution may be incorporated by apt reference, though the same result would doubtless be reached even in jurisdictions not recognizing the doctrine." We share Professor Atkinson's view that it is unthinkable to refuse to recognize the statute as a permissible source of reference. By adoption the testator made it an integral part of his will.

■ Concerning provisions in a will that refer to statutes of distribution generally, the court in In Re Smith's Estate, 16 D.Ch. 272, 145 A. 671, said:

> "if a will refers to the statute of distribution in such way as to indicate an adoption by the testator of the statute's provisions as his own testamentary disposition, courts should regard the statute as a part of the will incorporated therein by way of reference."

Such references are made in many cases concerning the share left to the testator's spouse, without any apparent claim that the practice violates the doctrine of incorporation by reference. 36 A.L.R.2d 147. The primary function of interpretation is to determine the intent of the testator from all the language he used, in light of the circumstances surrounding its making. Briggs v. Briggs, 73 S.D. 500, 45 N.W.2d 62. As to this testator's intention there can be no question and he expressed it in a manner permitted by our law.

Affirmed.

All the Judges concur.