## Wright et al., Appellants, *v.* Laird et al.

*Wills—Devise to son and his heirs—Gift of use—Rule in Shelley's Case.*

The devise of a use of a farm to a son, which upon his death is to "fall into the hands of his lawful heirs," vests in the son a fee simple estate in the farm. In such case, the heirs of the son take the farm from him by descent, under the rule in Shelley's Case.

Argued October 7, 1920.   Appeal, No. 41, Oct. T., 1920, by plaintiffs, from judgment of C. P. Washington Co., Aug. T., 1919, No. 51, for defendants on case-stated, in suit of Samuel A. Wright et al. v. Eliza Laird et al. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Case-stated in ejectment for land in Hanover Township.   Before BROWNSON, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on case-stated.   Plaintiffs appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*A. E. Anderson,* for appellant.—Plaintiffs contend there was no devise of a freehold estate to David, but the "use" only, whereby he received a livelihood, and held the fee in trust for his children, who were to take not qua heirs but as purchasers from testator: Daniel v.

Whartenby, 84 U. S. 639; Buchanan v. Duncan, 40 Pa. 82; Steele's App., 47 Pa. 437.

The comparison between the "fee" to Jonathan and the "use" to David is striking, and, fortified by the devise to David's "lawful heirs, with all the rights and titles thereunto belonging," should be mandatory on the thought of the court: Clevenstine's App., 15 Pa. 495; Buchanan v. Duncan, 40 Pa. 82; Zimmerman's Est., 23 Pa. Superior Ct. 130.

*N. R. Criss* and *George J. Kambach,* for appellees, were not heard.

PER CURIAM, December 31, 1920:

Samuel Wright died in 1862, and by the second clause of his will provided as follows: "I give and bequeath to my beloved wife Sarah the farm on which I now live with all the rights and titles thereunto during her natural life including all the household and kitchen furniture, and after her decease the said farm is to fall into the hands of my two sons, Jonathan and David Wright. My son Jonathan is to have the side of said farm the side which he now lives on by paying the one half of the several sums hereinafter mentioned, with all the rights and titles belonging thereunto. My son David is to have the use of the other part of said farm lying east of my son Jonathans part of the aforesaid farm, which he (David) lives on by paying the other half of the several sums hereinafter mentioned, and after his (Davids) decease the said part of Davids is to fall into the hands of his lawful heirs, with all the rights and titles belonging thereunto." In 1869 David Wright sold to the appellees' predecessor in title all his right, title and interest in the farm devised to him by the foregoing clause of his father's will, and died intestate in 1916. In 1919 his heirs, the plaintiffs below, claiming that he had taken but a life estate in the farm, brought this ejectment

against the defendants. Judgment on the case-stated was entered in favor of the latter.

The devise of the use of a thing is a devise of the thing itself: Wusthoff v. Dracourt, 3 Watts 245; and the devise of the testator was of the farm to his son, David, for life, upon his death to "fall into the hands of his lawful heirs." The heirs of the son upon his death were to take the farm from him by descent, and that he, therefore, had a fee simple was the manifestly correct conclusion of the court below: Kirby's Est., 235 Pa. 542; Harrison v. Harris, 245 Pa. 397.

Judgment affirmed.