MARINA SPERONI PASSINI *vs.* ABERTHAW CONSTRUCTION COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The word "family," as used in our Workmen's Compensation Act (§ 5388) providing that dependents shall mean members of the injured employee's family or next of kin who were wholly or partly

dependent upon his earnings, includes individuals related through descent without regard to unity of residence; and hence compensation may be awarded to a partially dependent sister, though residing in New York, of a deceased employee who resided in this State.

In the present case the average weekly earnings of the decedent were $36, so that $18 represented the maximum amount that was available for compensation. The deceased had contributed $13 a week to his sister, and had also contributed to the support of his parents, who were aliens residing in Italy. The Commissioner allowed the parents $2.50 a week, that being one half of the normal minimum, and the sister $13, which was the maximum amount she could receive under the Act. The defendants appealed, contending that under § 5350 the sister was entitled to not more than $2.50 per week, that amount being "the other half of the normal compensation," which the statute prescribed might be paid to such residents as would be entitled to compensation were there no such nonresident alien dependents. *Held* that the compensation awarded the sister was, upon the facts, in no way dependent upon or affected by the statutory provision respecting aliens; that the use to which the statute authorized "the other half of the normal compensation" to be put, was to supply a possible deficiency in the sister's compensation, caused by the allowance to the aliens, and not to limit its amount; and that inasmuch as the sister had received all that she could possibly take under the Act, the money in question reverted to or remained in the hands of the employer, and the award of the Commissioner was correct.

Argued October 28th—decided December 23d, 1921.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the first district acting for and in place of the Commissioner of the third district, in favor of the plaintiff, taken to and reserved by the Superior Court in New Haven County, *Banks, J.*, upon the Commissioner's finding, for the advice of this court. *Superior Court advised to dismiss the appeal and to affirm the award of the Commissioner.*

On March 23d, 1920, Joseph Speroni, an employee of the Aberthaw Construction Company, sustained an injury in the course of and arising out of his employment, from which he died on that day. The average weekly wage of the deceased was in excess of $36. The

deceased was single, and boarded and lodged in Berlin, Connecticut, at the time of his injury.

The parents of the decedent at this time were aliens, residing in Italy, and were partially dependent upon him; the claimant, a sister of the deceased, was residing in New York City, and was then partially dependent upon him. Upon the application of the alien parents, the Commissioner awarded them compensation at the rate of one half of $5 a week for 312 weeks. The decedent was contributing $13 a week to the support of the claimant, at the time of his injury; and the Commissioner awarded her compensation at the rate of $13 a week for 312 weeks.

*Richard H. Deming,* for the appellants (defendants).

*Clarence W. Seymour,* for the appellee (plaintiff).

CURTIS, J. The defendants claim that the Commissioner erred in holding that the sister, who resided in New York City, was a member of the family of the deceased (who resided in Connecticut), and therefore a dependent entitled to compensation under the definition of dependent in § 5388 of the General Statutes. This definition reads: " 'Dependents' shall mean members of the injured employee's family or next of kin who were wholly or partially dependent upon the earnings of the employee at the time of the injury." The word "family" is not defined in § 5388, wherein various words used in the Compensation Act are defined. In the common law of this State the word "family" is recognized as a word of variable and elastic meaning. *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 106 Atl. 330; *Crosgrove* v. *Crosgrove,* 69 Conn. 416, 421, 38 Atl. 219; *Dalton* v. *Knights of Columbus,* 80 Conn. 212, 216, 67 Atl. 510.

In the absence of a definition of the word "family" in the Workmen's Compensation Act, the word should be held to have such meaning or meanings, recognized by our common law, as are consistent with the remedial purpose of the Act. Its meaning in our law is not limited to that of all members of a collective body of persons living in one household and under one head and domestic government. Other meanings are attached to the word in our common law. Individuals related through descent, without regard to unity of residence, also constitute a family. The word "family" is recognized in our common law as meaning individuals related through descent, without regard to unity of residence; this meaning is consistent with the remedial purpose of the Workmen's Compensation Act, and is therefore a meaning of the word "family" as used in § 5388 of the General Statutes. The Commissioner did not err, therefore, in holding that the sister of the deceased, living apart from him, was a member of the family of the deceased, and therefore, as a partial dependent, entitled to compensation. In view of this holding, there is no occasion to discuss the meaning of the term "next of kin" as used in § 5388.

The defendants further claimed that compensation could not be awarded the sister in excess of the sum of $2.50 a week, because of the provisions of that part of § 5350 of the General Statutes relating to the compensation of aliens. Section 5350 provides, in substance, that alien dependents, nonresidents of the United States, or its dependencies, or Canada, shall receive one half the sum that would have been awarded to resident dependents in their situation. The section then provides: "The other half of the normal compensation may be paid in accordance with the rules of apportionment herein provided to such persons resident in the United States, or its dependencies, or

Canada, if any there be, as would be entitled to compensation were there no such nonresident alien dependents." The term "normal compensation," used in § 5350, means the compensation that would have been awarded such nonresident alien dependents if they had been resident dependents, or dependents residing in a dependency of the United States, or in Canada. The compensation awarded the partially dependent sister was determined under § 6 of Chapter 142 of the Public Acts of 1919 and § 5350, and, under the facts of this case, was in no way dependent upon, or affected by, the above statutory provision as to aliens.

The parents and the sister were partially dependent upon the deceased, therefore they were entitled to have awarded to them proportionate parts of a sum equal to one half of the average weekly earnings of the decedent, to be divided among them according to the relative degree of their dependence, subject to the statutory limitation that in no case could either, as a partial dependent, be awarded a sum greater than the weekly contribution of the deceased to the support of such one, and, as to the parents, subject also to the above provision as to aliens. The Commissioner, in accord with these statutory provisions, awarded compensation as follows: to the parents, one half of $5 a week, and to the sister, $13 a week. Under the provision as to aliens (§ 5350), the normal compensation of $5 a week to the parents was diminished to $2.50 a week. The provision as to "the other half of the normal compensation" obviously has, in this case, no relation to or effect upon the compensation awarded the sister. Under the facts in the instant case, "the other half of the normal compensation" to the alien parents reverts to the employer, because the sister receives out of one half of the average weekly wages of the deceased (to

wit, $18) the $13 a week which the deceased contributed to her support, which was the limit of her compensation. She received this from one half of the weekly wages of the deceased without requiring any part of "the other half of the normal compensation" to the parents, withheld from them under the provisions of § 5350, to make her compensation equal to the weekly contribution of the deceased to her support. One half the weekly wage of the deceased, minus the normal compensation of the partially dependent parents (that is, $18 — $5), equals the contribution of $13 a week to the sister, which sum is the limit of compensation that she could receive. "The other half of the normal compensation," therefore, could not be used as compensation in this case and remained the money of the employer. The provision as to "the other half of the normal compensation," referred to in § 5350, may, in many cases, affect the compensation of a resident dependent. If in this case the one half of the weekly wages of the deceased, when diminished by the normal compensation of the partially dependent alien parents, had been reduced below the weekly contribution of the deceased to the sister's support, then "the other half of the normal compensation" would have been available to apply to her weekly compensation.

The Superior Court is advised to dismiss the appeal and to affirm the award of the Commissioner.

In this opinion the other judges concurred.