MARYIANA KLAUTKA *vs.* THE STANLEY WORKS.

First Judicial District, Hartford, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The conclusion of a Compensation Commissioner, drawn from the subordinate facts, that the wife of an injured and deceased employee was totally dependent upon him for support, is one of law, and is to be reviewed as such by the Superior Court upon appeal, unless the finding of the Commissioner be corrected, for which purpose, only, is the evidence certified relevant.

In the present case the wife of the decedent resided in Poland, and during the ten years or more her husband, a native of that country, had been at work here, he had intermittently sent her sums of money amounting, in the aggregate, to $549 or thereabouts, no remittances having been made in five of those years and none during the twenty-one months next preceding his injury. *Held* that under these circumstances the only conclusion legally and logically permissible, under § 5350 of the General Statutes as amended by § 5 of Chapter 306 of the Public Acts of 1921, was one of partial and not total dependency; and therefore the Superior Court acted properly in reducing the award of the Commissioner, which was based upon total dependency, and in allowing the minimum compensation of $5 per week authorized by the statute, although that exceeded the average amount contributed by the decedent.

Argued January 4th—decided March 1st, 1924.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the first district in favor of the plaintiff, taken to and tried by the Superior Court in Hartford County, *Marvin, J.*, which reduced the amount of the award of the Commissioner, based upon his conclusion of total dependency, to an award for partial dependency, and rendered judgment accordingly, from which both parties appealed. *No error on either appeal.*

*Donald Gaffney*, for the appellant (plaintiff).

*Mortimer H. Camp*, for the appellant (defendant).

CURTIS, J.   In this case it was agreed that one Peter Klautka had been an employee of the defendant for several years, and on November 16th, 1921, received an injury arising out of and in the course of his employment, from which he died on the same day.   The Commissioner made a finding and awarded the plaintiff, the wife of the deceased, living in Poland, an amount as one totally dependent upon the deceased.

The finding discloses that the deceased was a married man who came to this country from Poland about ten years ago and had resided here since.   He left a wife and four children in Poland, where they continued to live until his death.   The extent and frequency of his contributions to the support of his wife and family were disputed before the Commissioner.   The finding of the Commissioner fails to set forth, formally, the remittances which he found were made by the deceased toward the support of the plaintiff and his family during his employment in this country.   Paragraphs 6 and 7 of his finding are as follows:   "6. The claimant was the wife of the deceased.   She and the deceased were not occupying the same domicile as husband and wife at the time of the injury, the husband having come to this country to secure employment, leaving his wife in the old country.   There was no evidence of intention of said husband and wife, or either of them, to effect a permanent separation.   7. The deceased had made remittances to the claimant from time to time up to near the time of his injury.   These were not made with periodic regularity, but apparently as suited the convenience and resources of the deceased and the needs of the claimant."   Then follows paragraph 8:   "8. I find that the claimant was totally dependent upon the deceased within the meaning of the Act."

Paragraph eight is obviously a conclusion from the subordinate facts of the finding, and cannot be attacked

by seeking to change it into a finding of fact; it must be attacked, if at all, as a claimed error of law, because illegally or illogically drawn from the subordinate facts. *Palumbo* v. *Fuller Co.*, 99 Conn. 355, 112 Atl. 63.

The defendant moved before the Commissioner for a correction of paragraphs six and seven of the finding, so that they would set forth all remittances made by the deceased toward the support of his wife and family in Poland during the ten years of his life in this country. The Commissioner did not formally correct his finding in this particular, but in his ruling upon this motion disclosed the remittances which he found had been made to the wife for the support of his family in Poland. This recital we deem in effect an addition to his finding.

The defendant appealed from the finding and award of the Commissioner to the Superior Court, asking for a correction of the finding so as to have the remittances to the wife specifically set forth, and also asking for a reversal of the conclusion of the Commissioner, drawn from the subordinate facts, that the plaintiff was in law a total dependent upon the deceased. The entire evidence was certified to the Superior Court and is a part of the record. The Superior Court did not correct the finding, and in its memorandum of opinion it appears that it probably deemed that the evidence certified displaced the finding of the Commissioner, and that the evidence and not the finding was the basis of its rulings. The defendant's appeal placed before the Superior Court, in the first place, the question whether it should correct the finding, and the evidence certified was only relevant upon that question; then when the court had ruled as to the correction of the finding, it was called upon, under the appeal, to determine whether or not the conclusion of the Commissioner, drawn from the subordinate facts, to the effect that the wife was in law totally dependent upon the deceased, was erro-

neous, that is illegally or illogically drawn. *Palumbo* v. *Fuller Co.*, 99 Conn. 355, 122 Atl. 63. The Superior Court by its judgment diminishing the award, ruled, in effect, that the conclusion of the Commissioner of the total dependency of the widow, was erroneous. The appeals to this court bring before us the question whether the above ruling of the court was correct, and if so, whether the conclusion of the Superior Court that the award to the plaintiff should be the minimum amount allowable to a partial dependent, was correct under the subordinate facts found by the Commissioner. In dealing with this question we deem, as stated above, that the Commissioner in his rulings upon the motion to correct his finding did in effect, although not formally, make a finding as to the remittances for support sent by the deceased to his wife and family in Poland.

The finding of the Commissioner is, therefore, dealt with by us as containing the subordinate fact that the deceased, during his ten years in this country, made the following remittances to his wife in Poland for the support of her and his family: January 23d, 1911, $15.44; March 21st,1911, $64.33; June 2d, 1913, $54.50; October 4th, 1913, $80.50; February 23d, 1915, $25.73; February 24th, 1915, $52.60; June 21st, 1915, $25.73; October 21st, 1919, $26.35; November 1st, 1919, $100.00; January 10th, 1920, $50.00; February 7th, 1920, $50.00. It appears from the finding that the deceased came to this country in 1910 or 1911 and left his wife and four children in Poland. He sent her $79.77 for support in 1911; made no remittances in 1912; sent $135 in 1913; made no remittances in 1914; sent $104.06 in 1915; made no remittances in 1916, 1917 and 1918; sent $126.35 in 1919; sent $100 in 1920; and made no remittances in 1921. The deceased had regular employment during his residence in this country.

Public Acts of 1921, Chapter 306, § 5, provides as

follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; . . . In all other cases, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury."

The Commissioner held that under the subordinate facts the plaintiff wife "received support regularly" from the deceased. This conclusion the Superior Court found erroneous, that is, found that it was a conclusion that could not legally or logically be made from the subordinate facts. The subordinate facts disclosed that in the ten years the deceased was in this country, he made no remittances to his wife during five of them, three of which were consecutive. He was steadily employed during all these years, and never made any remittances to cover support for any of these five years. The employee died November 16th, 1921; he had made no remittance since February 7th, 1920.

Under the foregoing facts the Commissioner could not legally or logically draw the conclusion that the plaintiff received support regularly from the deceased, and was hence a total dependent upon him under the above statutory provision. The court, therefore, correctly held that the conclusion of the Commissioner, that the plaintiff was a total dependent upon the deceased, was erroneous. The plaintiff's appeal questioning the correctness of this ruling of the court is not sustainable.

The court thereupon held that under the subordinate facts the plaintiff was a partial dependent upon the deceased, and entitled to the award of the minimum compensation in such case of $5 per week for a period not to exceed three hundred and twelve weeks. From these conclusions of the court the defendant appealed.

The defendant contends that the failure of the deceased to make a remittance to the plaintiff during about twenty months before his injury, makes the finding of dependence at the time of the injury an erroneous conclusion. The Commissioner found that the parties were man and wife and had indicated no intention to effect a permanent separation; that he had made remittances to her as set forth above, and that they had been in such communication from time to time as might reasonably be expected in the case of persons in their situation who were unable to read and write; that the deceased for several months prior to his fatal injury had been making purchases and perfecting his plans for a return to Poland; and, also, that she was dependent upon the deceased at the time of the injury. From the subordinate facts found by the Commissioner the court could logically and legally have found, as it did, that the plaintiff was a partial dependent upon the deceased at the time of the injury. Public Acts of 1921, Chapter 306, § 4, provides that for partial dependents, one half of the average weekly wages of the deceased at the time of the injury is available. It also provides that a partial dependent shall receive a minimum compensation of $5 per week, although the dependent has received an average weekly contribution of less than $5 per week from the deceased. *Passini* v. *Aberthaw Construction Co.*, 97 Conn. 110, 114, 115 Atl. 689. The court, in accord with the above Act, correctly allowed the plaintiff the minimum compensation to a partial dependent in case of injuries resulting in death within two years, to wit, $5 per week for not to exceed three hundred and twelve weeks.

There is no error on either appeal.

In this opinion the other judges concurred.