SALLY NORTHROP *vs.* THE MERRITT-CHAPMAN AND SCOTT CORPORATION ET AL.

Second Judicial District, Norwich, April Term, 1927.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and ELLS, Js.

Dependency under the Workmen's Compensation Act presents a question of fact, and the finding of the commissioner thereon is conclusive unless it is legally and logically unsupported by the subordinate facts.

The plaintiff in the present case was not related by blood or affinity to the deceased workman. Her only connection with him arose from the fact that he maintained a room at her mother's home, where she occasionally visited, and that he had been the chief support of her own minor daughter for many years and had, shortly before his death, paid for the daughter's admission to a private boarding school which she had entered in reliance upon the expectation that such payments would continue. *Held* that the plaintiff could not be regarded as a member of the decedent's "family" within the meaning of § 11 of Chapter 306 of the Public Acts of 1921, and was, therefore, not entitled to compensation as a dependent.

Argued April 26th—decided June 6th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the second district in favor of the plaintiff, taken to the Superior Court in New London County and tried to the court,

*Avery, J.*; judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *Error; Superior Court directed to sustain the appeal.*

*Warren Maxwell,* with whom, on the brief, was *Allan E. Brosmith, for the appellants* (defendants).

*John H. Barnes,* with whom was *Edwin W. Higgins,* for the appellee (plaintiff).

MALTBIE, J.   The deceased was a seaman, living for the most part upon his employer's boat.   When off the boat, he maintained at times a room at the home of the claimant's mother in Mystic, and had been for some twenty years in the habit of spending more or less time there.   He was not related to the claimant or her family, and it is found that he did not have any family of his own.   The claimant is a married woman. She suffers from tuberculosis and has to undergo treatment at a hospital.   When not at the hospital, she lives with her husband at New London, the other members of the family being a daughter, nine years old, and a son, nineteen.   Both the husband and son are employed, the former earning $40 a week.   At times the claimant and her daughter visited at the home of the former's mother, the deceased at such times paying for the daughter's board.   The claim of dependency rests upon the fact that, by payments made to the claimant, the deceased had practically supported her daughter since she was quite young, and the further fact that a few weeks before he died he had made the initial payment required for her admission to a private boarding school, which she entered in reliance upon an expectation that he would continue to pay her expenses there.

The finding of the commissioner that the claimant

was a dependent of the deceased is one of fact and is conclusive, unless the subordinate facts he has found fail legally or logically to support it. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153, 93 Atl. 245. The Compensation Act defines dependents as the "members of the injured employee's family or next of kin who were wholly or partially dependent upon the earnings of the employee at the time of the injury." General Statutes, § 5388; Public Acts of 1921, Chap. 306, § 11. To come within this definition, it is not enough that the claimant received and relied upon payments made to her by the deceased, but it must also appear that she was one of his next of kin or a member of his family. Next of kin she surely was not. Neither she nor her daughter were related to him by blood or affinity. They were never members of the same household with him, except as occasionally they may have chanced to be at the home of the claimant's mother at the same time that he was occupying a room there, apparently as a boarder; there was no such collectivity of residence and unity of headship as we have held to constitute a proper basis for including within a family group persons not related to each other. No test which we have ever recognized, or could in reason recognize, for determining whether certain individuals constitute a family would suffice to bring the claimant or her daughter into that relationship with the deceased. *Piccinim* v. *Connecticut Light & Power Co.*, 93 Conn. 423, 425, 106 Atl. 330. It follows that the conclusion of the commissioner that the claimant was a dependent was not one which he could legally or logically reach.

There is error, the judgment is set aside and the cause remanded with direction to the Superior Court to sustain the appeal.

In this opinion the other judges concurred.