By the Court.
It is the contention-of relatrix, the widow of the decedent, that though living apart and in different countries prior to and at the time of her husband’s death, she was entitled to a conclusive presumption of total dependency, which is not rebuttable. Section 1465-82, General Code, reads in part as follows :
“5. The following persons shall be presumed to be wholly dependent for support upon a decedent employe :
“(A) A wife upon a husband with whom she lives at the time of his death.
*433 “(B) A child or children under the age of sixteen years * *' *.
“In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury,” etc.
Other states having compensation statutes very similar to our own provide that particular dependents, such as wife or children, shall be “conclusively presumed” to be wholly dependent upon the deceased employe. Among such states are Massachusetts, Rhode Island, Michigan, Connecticut and Wisconsin. Fierro’s Case, 223 Mass., 378, 111 N. E., 957; Mooradjian’s Case, 229 Mass., 521, 118 N. E., 951; Martin v. Narragansett Elec. Lt. Co., (R. I.), 142 Atl., 225; Kalcic v. Newport Mining Co., 197 Mich., 364, 163 N. W., 962; Klautka v. Stanley Works, 100 Conn., 345, 123 A., 839; Northwestern Iron Co. v. Indus. Comm., 154 Wis., 97, 142 N. W., 271, L. R. A., 1916A, 366, Ann. Cas., 1915B, 877.
It will be noted that, under the foregoing provisions of the Ohio law, the wife and children of the deceased are only presumed to be wholly dependent, and not conclusively presumed to be so, as in other states. But whether the total dependency be one merely presumed or conclusively presumed, in either case, under the provisions of subsection (A), the claimant cannot be held' to be wholly dependent unless she be the wife of a husband with whom she lives at the time of his death; and upon that feature the burden of proof rests upon the claimant.
The relatrix was married in 1911. In 1912 her husband left her living abroad and came to this country, where he was killed in 1918. His widow remarried in 1920, and in 1924 applied for compensation for the death of her former husband. The respondent’s answer alleged that there was evidence presented to the commission touching the question of dependency and the *434 decedent’s contributions to his wife, other than that referred to in relatrix’s petition; that there was evidence offered tending to prove that the decedent had not contributed to the claimant’s support for several years prior to his death. It further alleged that the commission, upon consideration of all the evidence, found the relatrix to be partially dependent only, and awarded compensation accordingly. The evidence relied on in relatrix’s petition, relating to the contribution of the decedent to his wife’s support, is very vague, unsatisfactory and largely hearsay. Documentary proof of contribution to his wife could not be made owing to the existence of war between Greece and Turkey, and because records of foreign remittances by banks in this country, if any were made, were not available to the claimant.
In view' of the character of the proof offered the commission saw fit to deny her compensation as a wife who was wholly dependent upon her husband during their separation. Whether the'wife was living with the husband at the time of his injury, and whether he contributed to her support during their separation, were issues decided adversely to the claimant. Since the claimant has not established a clear legal right as a wholly dependent wife, the writ of mandamus will be denied.

Writ denied.

Weygandt, 0. J., Stephenson, J ones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.