Lulu Goshorn *v.* Roger Sherman Transfer Company et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued June 15—decided July 13, 1944.

*Edward J. Lonergan,* for the plaintiff.

*David R. Woodhouse,* for the defendants.

Dickenson, J. The question is whether the plaintiff, mother-in-law of the deceased employee, is a dependent within the meaning of the word as used in the Workmen's Compensation Act. The compensation commissioner found that she was. The subordinate facts upon which his conclusion rested were as follows:

The plaintiff's daughter married the decedent in 1920. A son, Robert, was born of the marriage in 1921. When Robert was about five months old, the decedent and his family went to live with the plaintiff and her husband. In 1923 the plaintiff and her husband separated and she has not received any support from him since about 1926. In 1923 the decedent and his wife separated and he did not support her thereafter. The plaintiff brought up the son Robert from the time he was about five months old, living with the decedent in various places before coming to Hartford in 1932, where she, Robert and the decedent lived with other members of her family for a short time. From 1936 to the date of the decedent's injury he, his son and the plaintiff lived together as a family group. The decedent took care of all of the family expenses including those of the plaintiff. He and his son regarded the plaintiff as the mother of the family and she managed the household in that capacity. The decedent had claimed her as a dependent in his income tax returns and promised her he would maintain a home for her as long as she lived and would provide for her in his will. She had no property, and since 1936 has been wholly dependent upon him for her support. She saw Robert through high school and into the armed services.

The commissioner concluded that she was wholly dependent upon the decedent and was a member of his family at the time of his injury and death on October 16, 1943, and awarded her compensation. The defendants appealed to the Superior Court from the finding and award upon the grounds that the subordinate facts of the finding did not support these conclusions, and that the commissioner erred in finding that as the mother-in-law she was a member of the

deceased's family. The Superior Court reserved the matter to this court on stipulation of the parties.

The question reserved is whether the plaintiff mother-in-law was a member of the decedent's family. The defendants contend that it is the statutory duty of the plaintiff's husband to support her and, in case of his inability, that of her next of kin; hence she was not dependent upon the deceased for support. The act specifies the classes to which the dependent must belong, conclusively presumes certain relationships to involve dependency and provides that in all other cases the question of dependency shall be determined in accordance with the fact at the time of the injury. General Statutes, § 5235. The ultimate question is the application of the proper standard to the facts found. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 151, 93 Atl. 245. General Statutes, § 5223, defines dependents as "members of the injured employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee at the time of the injury." The commissioner's finding shows that the plaintiff was, in fact, wholly dependent upon the decedent for her support. The question before us is whether he applied the proper standard to those facts in awarding her compensation. In *McDonald* v. *Great Atlantic & Pacific Tea Co.,* 95 Conn. 160, 165, 111 Atl. 65, we stated that a wife living with her husband, whose earnings are adequate for her support, presumably relies upon him and him alone for support. We added that there was nothing in the evidence to indicate that the husband was not supporting her and that, unless the facts indicated to the contrary, a wife is presumed to be supported by him, thus suggesting that it was a question of fact, not of law. In the case before us it is found that the husband of the plaintiff was neither living with her nor supporting her and

that she had no means of support other than through the decedent. The commissioner's conclusion that the plaintiff depended upon the decedent for support is properly based upon subordinate facts found and, indeed, is not presented as a separate question in the stipulation for reservation.

The plaintiff was not a "next of kin" of the decedent. The remaining question is whether a mother-in-law living with a son-in-law, under the conditions and circumstances found to have existed here, is a member of his family. The precise question has not hitherto been decided in this state. In *Passini* v. *Aberthaw Construction Co.*, 97 Conn. 110, 112, 115 Atl. 689, we called attention to the fact that the word "family" had not been defined in the Compensation Act and stated that in the common law of the state the word is recognized as one of variable and elastic meaning, but when used in connection with the Workmen's Compensation Act should be given a meaning consistent with its remedial purpose. The act itself draws a distinction between members of a family in the sense of next of kin and those composing the immediate family of the employee, for it uses the disjunctive as to beneficiaries: "members of the . . . family or next of kin." In *Piccinim* v. *Connecticut Light & Power Co.*, 93 Conn. 423, 106 Atl. 330, we held that illegitimate children of the employee came within the family group but that their mother living with him did not, but we put this upon the basis that her presence there was in violation of the law and hence she could not secure the benefits of the law by claiming membership in the family. We did not so much question her membership in the family as her right to assert it for this purpose, stating (p. 427) that "one may not successfully assert a claim to membership in a family group, and thereby secure benefits provided by the law, whose presence in that

group is in violation of law." No such situation is presented in the case before us. The plaintiff was the mother-in-law in name and the mother in fact in the family and was so considered and treated by the decedent and his son.

In *Northrop* v. *Merritt-Chapman & Scott Corporation,* 106 Conn. 233, 137 Atl. 724, the claim of dependency rested upon the fact that the employee had furnished the plaintiff with money for herself and the support and education of her daughter, maintaining a room at her mother's home and living there when not employed on his boat. We said (p. 235) that the plaintiff was not related by blood nor was she a member of the same household so "there was no such collectivity of residence and unity of headship as we have held to constitute a proper basis for including within a family group persons not related to each other."

In *Rourke* v. *Russell,* 91 Conn. 76, 98 Atl. 718, construing a statute authorizing the Court of Probate to grant allowances "for the support of the widow or family of the deceased," we held that "family" did not include the widower, but this was upon the theory that, the widow having expressly been provided for and no express provision having been made for the widower, it could not have been intended that he was to come in under the head of "family" as employed in that statute. We said (p. 78) that the statute referred primarily to a condition of legal dependence and hence was not intended to include the group of persons living under the same roof with the paterfamilias which, sometimes, even included servants. Viewing the broad intent of the Compensation Act and the use of the disjunction separating next of kin and members of the family in the particular statute, we do not consider the instant case a parallel.

We stated in *Simmons* v. *Holcomb,* 98 Conn. 770,

777, 120 Atl. 510, that in all jurisdictions such acts have been liberally construed in furtherance of their general intent, and we have consistently recognized this rule in construing our own act. *Powers v. Hotel Bond Co.,* supra; *Kennerson v. Thames Towboat Co.,* 89 Conn. 367, 375, 94 Atl. 372; *Massolini v. Driscoll,* 114 Conn. 546, 553, 159 Atl. 480. In other jurisdictions the rule has been applied in determining the meaning of the word "family." In *Moore Shipbuilding Corporation v. Industrial Accident Commission,* 185 Cal. 200, 196 Pac. 257, it was held to include a minor, not related to the employee, living with his mother in the same household with the employee. In *Holmberg v. Cleveland-Cliffs Iron Co.,* 219 Mich. 204, 189 N. W. 26, the word was held to include a cousin who took the place of a husband who had deserted the plaintiff, the court stating (p. 207), "The statute contemplates the existence of dependency beyond that of mere response to legal duty." In *Harry Scott's* case, 117 Me. 436, 441, 104 Atl. 794, the court approved a definition of family as "a collective body of persons who live in one house under a head or manager who has a legal or moral duty to support the members thereof."

The defendants contend that the plaintiff was no more than a housekeeper and that to include her as a member of the family group would be to open the door for any friend or servant who resided with and was dependent upon the bounty of the paterfamilias. We see little danger in this. The defendants have referred in their brief to statutory provisions in other states expressly providing for parents-in-law as dependents, arguing the necessity of such an express provision in order to bring them within the compensation law. A reference to the only statute quoted shows that it also expressly specifies numerous blood relatives of

the employee and creates a conclusive presumption of dependency. It also seems to indicate that there is no good reason why in a proper case a mother-in-law may not be a dependent within the broad purpose of compensation laws.

This is a case of first impression. We by no means hold that by reason of the mere fact that the plaintiff was a mother-in-law she was a member of the family, but where, as in this case, the mother-in-law had lived with her son-in-law over a long period of years, had occupied a place in the household analogous or appropriate to that of his own mother, had brought up his child and had become without funds and dependent upon him for support, she comes within the fair intent of the act as a dependent.

To the question propounded in the stipulation for reservation as to whether or not, under the circumstances found by the compensation commissioner to have existed in this case, the plaintiff mother-in-law of the deceased can be considered a member of his family within the meaning of the Compensation Act, we answer "Yes."

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.