O'Shell *v.* Cambria Coal Co. *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

612

A. J. HARTMAN, of Knoxville, for plaintiff in error.

LADD, CARSON & HOLTSINGER, of Clinton, for Cambria Coal Co.

WM. P. O'NEIL, of Knoxville, and TOM CHADWICK, of Clinton, for Hettie O'Shell.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Frank O'Shell was killed under circumstances which entitle payments of workmen's compensation insurance to a maximum of $6,500.00 to those dependents coming within the provisions of our workmen's compensation law. His only descendants are two daughters, sixteen and nineteen years of age. The oldest is physically unable to do any work. Their mother is dead. They have been wholly supported since infancy by and lived in the home of their aunt and her husband. O'Shell also left a widow, Mrs. Hettie O'Shell. The widow insists and the Circuit Judge held that under the facts of this case the widow is entitled to all the compensation payable under

the act by reason of her husband's death, and that these two daughters are not entitled to be paid any of it.

These daughters, through their uncle as next friend, insist that they are entitled to a part of this compensation by reason of code section 6883(2), providing that children between sixteen and eighteen years of age or those over eighteen physically incapacitated from earning "shall *prima facie*, be considered dependent". The Circuit Judge reluctantly found that this *prima facie* presumption of dependency of these daughters upon their father at the time of his death is entirely overcome by all the evidence. He accordingly adjudged the widow entitled to this compensation to the complete exclusion of the daughters.

The evidence is not in dispute. Frank O'Shell, the father of these daughters, married out west. These two daughters were the result of that marriage. Their mother died in 1933, while they were infants. Their father was without means and in poor health. Within a few months he brought these children to the home of his sister, Mrs. Miles, in Kentucky, and the three of them lived in the home and upon the charity of Mr. and Mrs. Miles whose only means are the wages of Mr. Miles, a coal miner. The contributions of the father to the support of his children was from the beginning so trivial as to be unworthy of mention.

In perhaps the year 1937 this father went to work for the Cambria Coal Company at Briceville, Tennessee, but he contributed nothing from his wages or otherwise to these two infant daughters left at the home of Mr. and Mrs. Miles. In 1941 he married his present widow. He lived with and supported her from that time until his accidental death in 1947 while working for the Cambria

Coal Company. His wife or her daughter by a previous marriage always collected from his employer the wages to which he was entitled, and this was at his direction. He was earning about $68.00 per week when he was killed. At no time after this marriage did he contribute to the support of his daughters who continued to live in the home of and were supported by Mr. and Mrs. Miles in Kentucky. These daughters did visit in their father's home on a few occasions after his marriage. The family relations do not appear to have been unpleasant.

The Circuit Judge felt compelled to find that the *prima facie* presumption of dependency of these daughters within the meaning of that word "dependency", as used in code section 6883(2), had been entirely overcome by this undisputed proof. These daughters, by their next friend, have appealed.

In *Johnson Coffee Co.* v. *McDonald*, 143 Tenn. 505, 512, 226 S. W. 215, 217, this Court held: "That under workmen's compensation acts dependency means reliance for support upon workmen's earnings at the time of injury or death, and not at any time thereafter. The condition of things then existing is determinative". That rule has consistently been adhered to in all of subsequent opinions of this Court. It will be of no benefit to review each of these subsequent opinions. A number of them decided before the decision in *Wilmoth* v. *Phoenix Utility Co.*, 168 Tenn. 95, 75 S. W. (2d) 48, are referred to in that opinion wherein this Court held that "Relationship is not the test, but *support and actual dependency* of the child". (Our emphasis.)

These two daughters were not supported to any extent by their father from the day that he took them to the home

of Mr. and Mrs. Miles to the day of his death, fourteen years later. They were entirely supported during all of that time and actually dependent for support upon Mr. and Mrs. Miles with whom they continuously had lived.

 Because of these facts, we can find no way under the workmen's compensation law to adjudge these daughters entitled to any part of the compensation in question, since the *prima facie* presumption of dependency, within the meaning of this law, is entirely overcome and contradicted by all the evidence.

Although conscious of the truth of the statement of this Court in *Portin v. Portin*, 149 Tenn. 530, 261 S. W. 362, that the decisions of other States are of little assistance in cases coming under our own workmen's compensation act, we have, nevertheless, searched for and examined decisions from other jurisdictions based on similar facts. We find no case wherein, on similar facts, the children of a deceased workman were held entitled to recover any part of the compensation. On the other hand, we found a number which, because of very similar facts, held such children not to be so entitled. See *Roberts v. Whaley*, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189; *Northrop v. Merritt-Chapman & Scott Corp.*, 106 Conn. 233, 137 A. 724; *Franklin Fluorspar Co. v. Bell*, 247 Ky. 507, 57 S. W. 2d 481; *Rollins v. Foundation Co.* La. App., 154 So 574. These cases are annotated in the order in which they are stated in A. L. R. in the following order: Vol. 13, page 703; Vol. 53, page 223; Vol. 86, page 887; and Vol. 100, page 1096.

 This appeal is for adjudication as to disposition of particular property, to-wit, this particular compensation money. We think, and particularly so under the circumstances of this case, that the costs of the appeal

should be paid out of that particular property, the subject of this litigation. Tha costs of this appeal are, therefore, adjudged against Mrs. O'Shell and a lien is declared upon the recovery for the payment of this costs.

The judgment of the Circuit Court is affirmed with costs as above adjudged.

All concur.