JAMES B. SUNBURY ET AL. *v.* UNITED STATES RUBBER COMPANY

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 16—decided July 19, 1955

*James M. Lynch,* with whom, on the brief, was *Morton H. Engelman,* for the appellant (defendant).

*Daniel Baker,* with whom was *Sydney C. Kweskin,* for the appellees (plaintiffs).

PHILLIPS, J. This is an appeal by the defendant from a judgment of the Superior Court sustaining a finding and award by the workmen's compensation commissioner in favor of the plaintiffs as dependents of the deceased employee, their eighteen-year-old son. The finding that the plaintiffs were dependents of the deceased is one of fact and is conclusive unless the subordinate facts which the commissioner has found fail legally or logically to support it. *Northrop* v. *Merritt-Chapman & Scott Corporation,* 106 Conn. 233, 234, 137 A. 724. The finding of dependency was amply justified by subordinate facts in the finding which were not even attacked in the motion to correct. The essentials of dependency—reliance upon the deceased's contribu-

tions and expectation of their continuance—were fully satisfied. *Tsoukalas* v. *Bolton Mfg. Co.*, 130 Conn. 658, 661, 37 A.2d 357.

There is no merit to the claim that changed conditions of fact after the injury have deprived the plaintiffs of their rights. The determination of dependency was made in accordance with the fact at the time of the injury, as provided by statute. General Statutes § 7429.

The decedent was injured in June, 1950, and died in October, 1950. He was the oldest of the plaintiffs' six children. The record shows that the plaintiffs have been engaged in a continuous struggle to provide the bare necessities of life for their family. The humane purposes of the Workmen's Compensation Act have not been served by this protracted litigation over what were obviously questions of fact for the commissioner.

There is no error.

In this opinion the other judges concurred.