CHARLOTTE RATHBUN ET AL. *v.* THE AETNA CASUALTY AND SURETY COMPANY

BALDWIN, O'SULLIVAN, WYNNE, DALY and SHAPIRO, JS.

Argued November 7—decided December 18, 1956

*Robert L. Halloran,* for the plaintiffs.

*Cyril Coleman,* for the defendant.

BALDWIN, J.   The plaintiffs brought this action against the defendant insurance company to enforce the payment of judgments which they had obtained in an action against the administratrix of Joseph A. Rathbun, Jr., for damages resulting from injuries negligently inflicted by him in the operation of an automobile registered in the name of Ina F. Rathbun.   The case has been reserved for advice upon the construction of a clause excluding coverage in an automobile liability insurance policy.[1]

The stipulated facts are as follows:   The plaintiffs were passengers in a Willys private passenger automobile registered under the motor vehicle laws of this state in the name of Ina F. Rathbun and were injured on January 1, 1942, when this automobile, driven by Ina's brother, Joseph A. Rathbun, Jr., struck a tree in Plainville.   The injured passengers brought suit against the administratrix of Joseph,

---

[1] The question reserved was "whether Ina Rathbun Limbacher was on January 1, 1942 a member of the household of Joseph A. Rathbun, Jr., within the meaning of Paragraph IV of the Insuring Agreements of said policy of insurance."

who was killed in the accident, and recovered judgments against her in her representative capacity. On the date of the accident, Joseph, as the owner of a Ford roadster, was insured with the defendant against liability for injuries caused in the operation of the Ford. The policy also contained a clause insuring Joseph in the operation of any other private automobile, provided, however, that this extended coverage did not apply "to any automobile [other than the one described in the policy] registered in the name of the named Insured or any member of the household thereof."

Ina had resided with her brothers Joseph and Charles and her mother in an apartment in West Hartford until July 3, 1941. On that date she married John Limbacher and moved to Hartford to a home furnished by her and her husband. They lived together there until November 17, 1941, when he went into military service. She then stored their furniture and went back to live with her mother and brothers in West Hartford and was living with them at the time of the accident on January 1, 1942. Prior to her marriage, she had been employed and paid her mother for her board and room. After her husband's departure she resumed that arrangement. She intended upon her husband's return to live with him as they had lived before he went away and, in fact, she did so, when her husband returned sometime after the accident.

The decision of the case turns on the question whether Ina, in whose name the Willys automobile was registered, was, at the time of the accident, a member of the household of Joseph, the named insured. Ambiguous language in an insurance policy will be construed liberally to cover a loss claimed to be within the terms of the policy. *Raffel* v. *Travelers*

*Indemnity Co.,* 141 Conn. 389, 392, 106 A.2d 716. However, an insurance policy is a contract to be interpreted and enforced in accordance with the real intent of the parties. *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 307, 99 A.2d 141. The language used in the policy must be given its ordinary meaning unless some special or technical meaning is intended. Ibid.; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 513, 123 A.2d 755.

We have not had occasion heretofore to construe the word "household," although we have considered what is necessary to constitute a "family." The two words are akin. The word "family" is used in a variety of significations. In some cases the test is found in "the collective quality of the residence of the persons concerned, and the unity of their domestic government and control. In those uses it is said to mean and embrace all the members of a collective body of persons living in one household and under one head and domestic government, including servants and others as well as parents, children and kin." *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 425, 106 A. 330, and cases cited; *Smart* v. *Bissonette,* 106 Conn. 447, 451, 138 A. 365; *Goshorn* v. *Roger Sherman Transfer Co.,* 131 Conn. 200, 203, 38 A.2d 585; see *Neptune Park Assn.* v. *Steinberg,* 138 Conn. 357, 359, 363, 84 A.2d 687. The concept of the word "family" is broader than that of the word "household." *Passini* v. *Aberthaw Construction Co.,* 97 Conn. 110, 113, 115 A. 689. The meaning of the word "family," as the cases cited show, depends on the circumstances in which it is used as well as on the nature of the matter in which its interpretation is required. For example, one need not live in the same household with another to be deemed, under some

conditions, a member of the family. *Passini* v. *Aberthaw Construction Co.,* supra.

The concepts of "family" and "household" have some common attributes. Persons who live under the same roof and share identical living accommodations can be said to be not only members of the same family but also members of the same household. Then too, as upon the facts in the instant case, there is the matter of consanguinity, which is an indicative but not necessarily indispensable factor in constituting persons members of the same household. In the case at bar, the fact that Ina and Joseph were living with their mother and that Ina was contributing to the support of the family group manifests a single household. Furthermore, when Ina, giving up her own home and storing her furniture against the time when her husband would return, took up her residence with her mother and brothers, she terminated her status as the member of another household and merged that status into the household containing her mother and brothers. Webster defines "household" as "[t]hose who dwell under the same roof and compose a family; a domestic establishment; family." Webster's New International Dictionary (2d Ed.). As has previously been stated, words in an insurance policy are to be accorded their usual meaning. We conclude that Ina and Joseph were members of the same household and that under the terms of Joseph's policy he was not covered as the driver of the automobile registered in Ina's name. Courts of other jurisdictions have reached a like result on similar facts. *Travelers Indemnity Co.* v. *Pray,* 204 F.2d 821, 823; *Farm Bureau Mutual Automobile Ins. Co.* v. *Violano,* 123 F.2d 692, 695, cert. denied, 316 U.S. 672, 62 S. Ct. 1043, 86 L. Ed. 1747; *Cartier* v. *Lumbermen's*

*Mutual Casualty Co.*, 84 N.H. 526, 527, 153 A. 6; *Tomlyanovich* v. *Tomlyanovich*, 239 Minn. 250, 255, 58 N.W.2d 855; 7 Appleman, Insurance Law & Practice, p. 226.

We answer the question propounded "Yes."

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.