JOSEPH KISKA *v.* CHARLES SKRENSKY ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued December 5, 1957—decided January 21, 1958

*George F. Carroll, Jr.,* for the appellants (defendants).

*Robert B. Seidman,* with whom, on the brief, was *Sidney Vogel,* for the appellee (plaintiff).

MURPHY, J. The defendants have appealed from a judgment of the Superior Court enjoining them from building on any fifty-foot lots in a certain tract of land on the easterly side of Strawberry Hill Avenue in Norwalk. The trial court concluded that the defendants were not members of a family within the meaning of that term as used in the special act creating a city planning commission in Norwalk and that

the conveyances of certain lots in the tract did not constitute a division of property among the members of a family. Such a division is exempted from the application of the subdivision requirements of the act.

The defendants are two brothers, Charles and Edward Skrensky; their sister, Mary Shafranek; and Emma Skrensky, the wife of Charles. In 1949, the brothers purchased the tract. Title was taken in the name of Edward. He conveyed it to his sister and sister-in-law the following year. On March 16, 1954, he applied, in his own name, to the city planning commission for approval of a subdivision layout of the tract into thirteen lots and a street called Turkey Hill Road. The commission approved the subdivision on August 4, 1954. The common council rejected it on August 10, 1954. As a result, the requisite approval was lacking.

While the application was pending, the two women conveyed three lots to Charles and three lots to Edward. They retained title to the rest of the tract. The deeds were dated July 26, 1954, and recorded two days later. The lots were described by metes and bounds. No reference was made to any map or other layout. Neither the planning commission nor the common council was advised of the transfers before action was taken on the application for the subdivision.

On July 26, 1954, the area was in a residence B zone. Minimum lot requirements were a frontage of 50 feet and an area of 6250 square feet. On August 16, 1954, the zoning of the tract was upgraded to residence A, in which the minimum lot requirements were a frontage of 100 feet and an area of 12,500 square feet. On November 3, 1954, Edward Skrensky applied for building permits for lots 11 and 12 on Turkey Hill Road. He listed himself as owner.

These applications were canceled because of misinformation contained therein. He submitted new applications on December 2, 1954, in which he listed Charles Skrensky as the owner of lot 11 and Emma Skrensky and Mary Shafranek as the owners of lot 12. The building inspector issued the permits, since he concluded that the two lots conformed to the zoning regulations in effect when the title of the one was transferred to Charles and the deed recorded in July. No appeal was taken from the action of the building inspector.

Norwalk has a city planning commission created under Special Act No. 214 passed by the General Assembly in 1947. 25 Spec. Laws 302, § 2. While the commission had not adopted a complete master plan for the city, it had adopted regulations governing subdivisions and a master plan of parks. These are major sections of a master plan. Under the special act, no street or subdivision can be constructed or authorized, after the adoption of a master plan or a major section or sections of one, unless both the planning commission and the common council have given their approval. 25 Spec. Laws 304, § 7. A division of property among members of a family is, however, excluded from the operation of the subdivision requirements. 25 Spec. Laws 302, § 1. The defendants contend that the conveyances from Emma and Mary to Charles and Edward constituted a division of property among the members of a family and that approval by the commission and the council was not required.

The trial court concluded that "family" as used in the "zoning law is pretty much limited to a father, mother and children living in one household." The use of the word "zoning" indicates a misconception by the court of the provisions of law applicable to

this case. This is confirmed by an examination of the memorandum of decision, in which the court said: "The apparent exemption of members of a family from requirements of a zoning law pertaining to a subdivision among members of the family does not apply in this instance." While the finding that lots 11 and 12 did not meet the requirements of a residence A zone has not been challenged, the injunction was not issued because the change of zone had become effective and the issuance of the building permits was in violation of it. Rather, the injunction is based on the application of the law pertaining to planning.

Municipal planning is designed to promote, with the greatest efficiency and economy, the co-ordinated development of the municipality and the general welfare and prosperity of its people. General Statutes § 856. Its aim is to secure the uniform and harmonious growth of villages, towns and cities. *Matter of Brous* v. *Smith,* 304 N.Y. 164, 168, 106 N.E.2d 503. Zoning is concerned primarily with the use of property. *State ex rel. LaVoie* v. *Building Commission,* 135 Conn. 415, 419, 65 A.2d 165; *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 32, 54 A.2d 675. It should be realized that while there is a definite and harmonious relationship between planning and zoning, as is evidenced by the statutory provision, § 840, that one commission can do both, there does not seem to be any logical reason why "zoning" should be used when "planning" is meant. There is a distinction as well as a difference between them. The zoning ordinance of Norwalk has not been made a part of the record, and we do not take judicial notice of it. *Gilbert* v. *Hamden,* 135 Conn. 630, 635, 68 A.2d 157.

Who are embraced within the term "members of a

family" as it is used in the special act? Over the years, we have been called upon to interpret the meaning of "family" as related to the support of a pauper; *Cheshire* v. *Burlington,* 31 Conn. 326, 329; in connection with fraternal life insurance; *Dalton* v. *Knights of Columbus,* 80 Conn. 212, 215, 67 A. 510; under the family car doctrine; *Smart* v. *Bissonette,* 106 Conn. 447, 451, 138 A. 365; and in its application to the Workmen's Compensation Act. *Goshorn* v. *Roger Sherman Transfer Co.,* 131 Conn. 200, 206, 38 A.2d 585. Recently, in *Rathbun* v. *Aetna Casualty & Surety Co.,* 144 Conn. 165, 168, 128 A.2d 327, in interpreting an automobile liability policy, we indicated that "family" and "household" are somewhat synonymous. Throughout these and the many other cases involving the definition of "family," we have said that the word is one of flexible and uncertain meaning and will be construed differently as the circumstances require, in order that the meaning in which it is apparently used in any given case may be carried into effect. *Farnam* v. *Farnam,* 83 Conn. 369, 375, 77 A. 70. The word has several meanings. Primarily, it means a collective body of persons who live in one house under one head or management. Secondarily, it consists of persons of the same lineage or those who descend from one common progenitor. *Fratellanza Italiana* v. *Nugnes,* 114 N.J. Eq. 185, 187, 168 A. 589.

Edward Skrensky lives in West Norwalk. Charles and his wife, Emma, live in East Norwalk. Mary Shafranek lives in Norwalk. While Emma is a member of Charles's family, she did not, through her marriage, become a member of the family to which her husband and his brother and sister belonged through consanguinity. We do not hold, as the trial court equivocally did, that "family," as used in the special

act, is restricted to father, mother and children living in one household. We do hold that the conveyances from Mary and Emma to Charles and Edward did not constitute a division of property among the members of a "family" within the meaning of that term as used in the act. As a consequence, the statutory exception did not apply.

The claim by the defendants that the plaintiff was not entitled to injunctive relief because he had not appealed to the zoning board of appeals from the action of the building inspector in granting the building permits is without merit. *Newington* v. *Mazzoccoli*, 133 Conn. 146, 156, 48 A.2d 729; *Fitzgerald* v. *Merard Holding Co.*, 110 Conn. 130, 137, 147 A. 513; *Fitzgerald* v. *Merard Holding Co.*, 106 Conn. 475, 482, 138 A. 483.

The finding of the trial court that major portions of a master plan had been adopted is supported by the evidence and warranted the conclusion that the subdivision was unlawful, since it did not have the approval of both the planning commission and the common council.

There is no error.

In this opinion the other judges concurred.