[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff insurer has moved to vacate and the defendant claimant has moved to confirm an arbitration award in which the arbitrators held the claimant to be eligible for underinsured motorist coverage provided by the plaintiff to the claimant's father.
The insurer claims that the arbitrators erred in determining that at the time the claimant was injured on October 6, 1990, he was a "resident" of his father's house as well as of the home of his wife for purposes of underinsured motorist coverage.
The insurer concedes that the applicable standard of review is that announced by the Connecticut Supreme Court in Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646 (1991): whether the arbitrators' ruling on the factual issue of residence is supported by substantial evidence.
The insurance policy issued by the insurer to Salvatore Alfone, the claimant's father, defines the insured under the uninsured/underinsured motor coverage as follows:
Who is insured under this coverage?
 You are protected against uninsured and hit-and-run motorists while you CT Page 490 are occupying an auto or while you are a pedestrian. A relative is an insured person in the same situation.
The policy defines "relative" as "any person related to you by blood, marriage or adoption who resides in the same household as you and who neither owns a private passenger auto nor is married to a person who does."
The insurer claims that the arbitrators erred only with regard to their finding that the claimant resided in the same household as his father, Salvatore Alfone, at the date of the accident. The insurer does not contest that a claimant may be held to be a resident of more than one household.
The evidence presented to the arbitrators concerning residence was conflicting. The claimant testified that as result of marital difficulties he left the home where his wife resided, 44 Rose Street, in January 1990 and stayed nearby with father at 38 Rose Street and at the father's summer residence until Labor Day 1990. He also testified that between Labor Day and October 6, 1990 (the date of the accident) he spent some nights at his wife's home and some at his father's. He was not asked how many nights he spent at his father's home during that period. His wife testified that as of Labor Day 1990, the claimant had moved back to 44 Rose Street, and that between that date and the date of the accident he stayed only three to five nights at his father's.
Salvatore Alfone, a widower, testified that the claimant had his own key to 38 Rose Street and came and went at will. The father regarded the claimant as having returned to live with his wife as of the date of the accident; however, the panel was presented with evidence to the effect that the claimant's wife, on October 5, 1990, the day before the accident, filed in their pending dissolution of marriage case an application for exclusive use of the family home, in which she sought an order precluding the claimant from being present at the family home.
The claimant presented evidence that he kept his clothes and sporting equipment at his father's house, that a room was reserved there for his exclusive use, and that he ate some meals at his father's, who was away from home much of the time and who did not take much note of his son's comings or goings. The CT Page 491 claimant further presented evidence to the effect that he had left his father's and returned to his wife many times over the course of the marriage, and that although his return was always hoped to be permanent, he ended up at his father's house when arguments resumed.
After mandating the "substantial evidence" test in Chmielewski, the Supreme Court demonstrated in Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681 (1991) how the test is to be applied as to the issue of residence for purposes of underinsured motorist coverage. In that case, the Supreme Court reviewed all of the evidence that supported a finding of residence as well as the evidence that negated such a finding and found that "the [trial] court properly determined that the arbitrators were possessed of substantial evidence to support their determination that [the claimant] was a resident of [the insured's] household." Middlesex Mutual, supra, at 687-88.
The Supreme Court has stated that the determination of residence is not to be made simply on the basis of stated intent, Middlesex Mutual, supra, at 687, but should be decided on the existence of "objective factors," such as where the claimant slept, where he received mail, where he kept the bulk of his personal belongings, and whether a room was maintained for his exclusive use at the claimed residence. Middlesex Mutual, supra, at 688-9; Griffith v. Security Insurance Co., 167 Conn. 450,455-57 (1975).
In the case before the court, the claimant had lived at the insured's house for most of the year in which the accident occurred. He accompanied the household to a summer residence for the months of June to September. The history of his shaky marriage was such that while he periodically attempted reconciliation with his wife, he always went back to living in his room at his father's house, and his wife was seeking, by court motion, to keep him from resuming permanent residence in the family home. To be sure, the "objective factors" do not paint a picture of highly routinized domesticity at the insured's residence. The claimant's wife's application to the family court indicates that the claimant was frequently intoxicated and that he kept irregular hours, such that some "objective factors", such as receipt of mail and taking of meals, might not have the same weight or significance as might be determinative as to a person living a more structured life. The close proximity of the two houses also affects the significance of the usual factors relied CT Page 492 on. The history of habitual return to his room at his father's, his accompanying the household to a summer residence, and the long period of his stay in his father's household supports the arbitrators' ruling.
The fact that under usual circumstances a claimant can be expected to live with a family member other than the insured had not been held to be determinative of residence. See Lawrence v. New Hampshire Ins. Co., 29 Conn. App. 484, 486-7 (1992). The determination is to be made on the basis of the facts, not on the basis of presumptions.
After assessing the "conglomeration of factors" establishing residence, see Rathbun v. Aetna Casualty Surety Co., 144 Conn. 165,169 (1956), cited with approval in Middlesex Mutual, supra, at 687, this court finds that the arbitrators' decision that the claimant resided in the household of the insured is supported by substantial evidence.
(It does not appear that any evidence was presented to the arbitrators concerning any expectancies of Salvatore Alfone as to whether his automobile insurance would extend to his son, and such considerations cannot therefore play any part of this court's review pursuant to Chmielewski.)
The application to vacate the arbitration award is denied, and the application to confirm is granted. The defendant shall recover his court costs.
Beverly J. Hodgson Judge of the Superior Court