[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff, Amica Mutual Insurance Co. ("Amica"), after having paid a large sum of money to its insureds pursuant to the underinsured motorist provisions of their insurance policy, seeks damages from the defendant, Nationwide Mutual Insurance Company ("Nationwide"), based on its claim that Nationwide is obligated to pay to the plaintiff its policy limits under the uninsured-underinsured provision of its policy with Anthony DeCristoforo. The parties agree that payment would be due from Nationwide if Michael DeCristoforo was a member of Anthony DeCristoforo's household on May 26, 1989.
The parties have stipulated to the following facts. On May 26, 1989 Nationwide was the insurer of Anthony DeCristoforo of 78 Alstrum Street, Hamden, Connecticut under an automobile policy which provided liability coverage in the amount of $100,000 per person/$300,000 per occurrence. On that date Amica was the auto insurer of John Benicewicz and Janice Benicewicz. On May 26, 1989 Michael DeCristoforo's negligent operation a motor vehicle owned by Mark Casman of North Haven caused an accident in which John Benicewicz was severely injured and Janice Benicewicz was CT Page 5261-YYYYYYY injured. Amica has made payment pursuant to the uninsured-underinsured portion of the policy with the Benicewiczs in the amount of $650,000 to John Benicewicz and $50,000 to Janice Benicewicz.
On May 26, 1989 Anthony DeCristoforo resided at 78 Alstrum Street, Hamden, Connecticut, which was the first floor apartment of a two family house which he owned. The property at 78-80 Alstrum Street in Hamden is listed as a two family house in the Hamden Tax Assessor's records.
Michael DeCristoforo, the son of Anthony DeCristoforo, has been in and out of prison since before May 26, 1989 and is currently in Federal Prison in Virginia. On May 26, 1989 Michael DeCristoforo was the named insured under a policy of automobile liability insurance issued to him by The Hartford Insurance Company which listed 80 Alstrum Street as his address.
The parties have also stipulated to the court's review of the transcripts of the deposition testimony of Anthony DeCristoforo, Sherri Radziunas and Craig DeGennaro in lieu of live testimony. Sherri Radziunas was the mother of three of Michael DeCristoforo's children. She and Michael moved into 80 Alstrum Street in approximately 1984. The apartments located at 78 Alstrum Street and 80 Alstrum Street each have separate entrances, their own kitchens, bathroom facilities and separate utilities. After 1984, Michael never lived at 78 Alstrum Street. Michael did receive mail occasionally at both 78 and 80 Alstrum Street.
Michael last lived at the 80 Alstrum address in October or November, 1987. Between 1984 and 1989 Michael was in and out of federal and state prisons due to convictions for violation of the laws concerning illegal drugs. After November, 1987 he lived in an apartment in Bethany, Connecticut when he was not incarcerated. Michael did not live at 78 or 80 Alstrum Street in May, 1989. Both Ms. Radziunas and Anthony DeCristoforo believed that Michael was living in prison at that time.
In determining whether a person is a resident of the household of an insured for purposes of determining coverage under an automobile liability policy, the Connecticut Supreme Court has held that the controlling words of the policy, "resident of the same household," are unambiguous and, therefore, the terms must be given their natural and ordinary meaning. CT Page 5261-ZZZZZZZGriffith v. Security Ins. Co., 167 Conn. 450, 454, 356 A.2d 94
(1975). The Court in Griffith stated:
 The common and ordinary meaning of "household" as defined in Webster's Third New International Dictionary is: "those who dwell under the same roof and compose a family: a domestic establishment; specif: a social unit comprised of those living together in the same dwelling place." To the same effect, see 41 C.J.S. 367; see also Rathbun v. Aetna Casualty Surety Co., 144 Conn. 165, 169, 128 A.2d 327. Id.
The foregoing definition established that two criteria must be met in order for a person to be considered a "resident of the same household" for purposes of automobile liability coverage. First, there must be sufficient evidence to show that the person claimed to be covered had a close family-type relationship with the members of the household; and secondly, there must be sufficient evidence to establish that the person claimed to be covered actually lived in the household. Middlesex MutualAssurance Co. v. Walsh, 218 Conn. 681, 686, 590 A.2d 957 (1991).
Although the court does not find any evidence that Michael had a "close family-type relationship" with the members of Anthony's household in May of 1989, Nationwide has conceded that for the purposes of coverage, if Michael actually lived at 78 Alstrum Street at the time of the accident, he would have been considered to be a member of Anthony's household. However, the court finds no evidence that Michael actually lived at either 78 or 80 Alstrum Street at the time of the accident. He had not lived at 78 Alstrum since 1984 and had not lived at 80 Alstrum since November, 1987. Therefore, the plaintiff has failed to establish that Michael DeCristoforo was a member of Anthony DeCristoforo's household for purposes of insurance coverage in this case.
Judgment may enter in favor of the defendant.
By the court,
Aurigemma, J. CT Page 5261-AAAAAAAA